![black bar]

## State v. Artis
### [Cite as 8 AOA 150]

Case No. 8-89-22
Logan County, (3rd)
Decided December 21, 1990

Marc S. Triplett, 332 South Main Street, Bellefontaine, Ohio 43311, for Appellant.

William Goslee, City Prosecutor, 136 North Detroit Street, Bellefontaine, Ohio 43311, for Appellee.

MILLER, J.

Defendant-Appellant, Stanley Artis, appeals from a judgment of the Bellefontaine Municipal Court entered on June 13, 1989.

The defendant was arrested on May 19, 1989, after being involved in a domestic dispute with his girlfriend at her residence and charged with disorderly conduct, criminal damaging, and resisting arrest under the applicable ordinances of the City of Bellefontaine. All three charges are misdemeanors and are petty offenses under Crim. R. 2. Defendant was arraigned on the charges in Bellefontaine Municipal Court two days later. At the arraignment the trial court explained to all persons appearing their rights including the right to counsel, the right to a continuance to consult counsel before entering a plea and the right to counsel without cost if the person was indigent. Later the trial court asked the defendant whether he understood the charges brought against him. The defendant answered yes. The trial judge then asked: "[D]o you understand your legal rights as I explained them earlier this afternoon?" Again the defendant answered yes. Defendant then stated that he would plead not guilty to the charges, and the trial judge set a trial date of June 13, 1989.

Immediately thereafter it came to the attention of the trial judge that the court had issued a bench warrant for the defendant due to defendant's failure to pay fines and costs on a previous charge. The trial judge found the defendant in contempt and sentenced him to 15 days in the county jail. At this point the defendant immediately responded with the statement that he thought the bond he had posted that morning would "*** cover this matter", and "*** I feel I should be able to have an attorney with me on this matter, too.". The trial judge stated that the finding of contempt would only be dropped if defendant paid the fines and costs due immediately. The defendant apparently did not have the resources to do so, and subsequently was sent to the county jail to serve his sentence. The trial judge did not address defendant's statement regarding counsel.

The next contact between the defendant and the trial court came on June 13, 1989, the date set for trial on the three misdemeanor charges. At this juncture, the following conversation transpired:

"THE COURT. Mr. Artis, you've previously been charged with criminal damaging, resisting arrest, and disorderly conduct and have entered pleas of not guilty to those charges. The matter's been set today for trial. Are you ready to go forward today, Mr. Artis?

"DEFENDANT. No, Sir; I'm not.

"THE COURT. What's the problem?

"DEFENDANT. Well, I lost my job the last time I was before you and had to go to jail. I got fired and couldn't afford to get my own lawyer to -- I'll have to get a court-appointed lawyer, if I can still do that.

"***

"THE COURT. All right. Well, Mr. Artis, why did you, why didn't you bother to come in and request a continuance or ask for a lawyer earlier than today?

"DEFENDANT. Well, I was going to call, but I didn't know if you could do that. I thought you had to wait until you came in here.

"THE COURT. Okay. Your request is untimely, Mr. Artis. The matter's been set today for trial and we've got witnesses subpoenaed in here. The prosecutor's here, I'm here, the police officer who file [sic) the charges are here. That's not the way you work. You don't march in the day of trial and say you want a continuance,

"DEFENDANT. Well, I didn't know that.

"THE COURT. Okay. All right.

"DEFENDANT. I didn't know the process, how to do it.

"THE COURT. Okay. Your request for a continuance will be denied. We will go forward today.

"***

"THE COURT: Mr. Artis, do you wish to make any opening statement at this time and tell me your position on this? You don't need to.

"DEFENDANT. I'd like to have legal counsel. Some form of legal counsel anyway.

"THE COURT: Well, you got the right to legal counsel, Mr. Artis. Had you requested it when I instructed you you had that right, it would have been appointed to you if you were eligible. You had the right to hire an attorney if you weren't eligible for court-appointed counsel. But you have to assume some of the responsibility of that. If you're not here today with legal counsel, we're going to go ahead without an attorney. It's too late at this point. We're not going to continue the trial.

"All right. We'll reflect that the defendant has waived the right to make an opening statement. You may present your first witness, [prosecutor]."

The trial proceeded during the course of which the defendant again requested counsel, and which was again denied by the trial judge. After hearing evidence the trial court found the defendant guilty of the counts of disorderly conduct and resisting arrest and he was fined $50.00 on the disorderly conduct charge and fined $150.00 plus 30 days in jail on the resisting arrest charge.

Defendant asserts one assignment of error.

"THE TRIAL COURT ERRED WHEN IT FAILED TO APPOINT COUNSEL FOR MR. ARTIS DESPITE REPEATED REQUESTS BY STANLEY ARTIS. THIS ERROR VIOLATED APPELLANT' S RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION: ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION: AND OHIO CRIMINAL RULES 22 AND 44."

We first observe that this appeal is taken from "the Order and Judgment Entry of Conviction and sentence entered herein on the 13th day of June, 1989," and thus raises no issue as to defendant's confinement in the contempt action of May 22, 1989.

In *Scott v. Illinois* (1979), 440 U.S. 367, 374, the court held that:

"*** the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense."

Crim. R. 44 provides:

"***

"(B) Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) waiver of counsel shall be in open court and the advise and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

"*** ."

Crim. R. 22 states, in part:

"***

"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded.

" *** ."

A petty offense is a misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. See Crim. R. 2(C) and (D).

It is well settled in Ohio that the right to counsel is absolute when the defendant is sentenced to incarceration. Applying *Argersinger v. Hamlin* (1972), 407 U.S. 25, to Ohio and interpreting the Criminal Rules, the Ohio Supreme Court held in *State v. Tymico* (1975), 42 Ohio St. 2d 39, 45, cert. den. 423 U.S. 993, the following:

"To make the right to the assistance of court appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intellectual waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial."

In *State v. Kleve* (1981), 2 Ohio App. 3d 407, the syllabus reads:

"Where the record fails to show a knowing, intelligent and voluntary waiver of counsel, the unrepresented petty offender may not be sentenced to a period of confinement." (Crim. R.

44[B], applied) See also, *City of Upper Sandusky v. Barber* (Feb. 1, 1985), Wyandot App. No. 16-83-13, unreported; *State v. Shaw* (May 30, 1986), Logan App. No. 8-84-22, unreported.

We do not find in the record that the defendant gave a knowing, intelligent and voluntary waiver of counsel. In fact, the trial transcript rather indicates continued requests by the defendant for assistance of counsel which was denied by the trial court.

In *State v. Haag* (1976), 49 Ohio App. 2d 268, 271, the court held:

"*** that when a defendant (1) is convicted of a petty offense; (2) an imprisonment penalty is imposed; and (3) he is not represented by an attorney at his trial, the imprisonment portion of the sentence will be vacated, unless a record is made (in accordance with Crim. R.22 and Crim. R. 44) which affirmatively demonstrates either that the defendant would have been able to obtain counsel, or he knowingly waived his Sixth Amendment right to counsel."

Accordingly, we modify the judgment of sentence on the resisting arrest conviction by vacating the portion thereof imposing jail sentence and we affirm the judgment in all other respects.

*Judgment modified.*

SHAW, P.J., and BRYANT, J., concur.