DECISION.
Defendant-appellant, Keith Brunner, appeals his conviction for reckless operation of a motor vehicle in violation of Cincinnati Municipal Code 506-6. Brunner had equipped a two-door Oldsmobile with a hydraulic lift that enabled him to bounce the front end of his car while driving. According to the testimony of Cincinnati Police Officer Sulfsted, Brunner operated his vehicle in an unsafe manner when he caused the vehicle to bounce such that the tires actually left the surface of the road. We remove this case from the accelerated calendar to discuss our reasons for affirming the conviction.
In Brunner's first assignment of error, he claims that the evidence was insufficient to support his conviction. Brunner claims that his conviction was not supported by sufficient evidence because no evidence was presented to show, within the meaning of Cincinnati's reckless-operation ordinance, that bouncing his vehicle was dangerous to persons or property.
Where there is substantial evidence presented by the state to support each and every element of the offense charged, the evidence is legally sufficient to support a conviction. SeeState v. Barnes (1986), 25 Ohio St.3d 203, 209,495 N.E.2d 922, 927; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546. The elements of the offense in this case are set forth in Cincinnati Municipal Code 506-6, which states,
No person shall operate a vehicle on any street or highway without due regard for the safety of persons or property.
Thus, in order for the evidence to be legally sufficient to support a conviction under the ordinance, the evidence must demonstrate that (1) Brunner operated a vehicle, (2) on a street or highway, (3) in such a manner that he disregarded the safety of persons or property. There is no dispute that Brunner operated a vehicle on a public street. Therefore, the third element is essential to determining sufficiency.
The language of Cincinnati Municipal Code 506-6 is analogous to the language found in Ohio Adm. Code 5537-2-04(D)[1] pertaining to the reckless operation of motor vehicles on Ohio's turnpikes, and to the language found in former R.C. 4511.20.[2] SeeState v. Cichon (1980), 61 Ohio St.2d 181,399 N.E.2d 1259. In Cichon, supra, the Ohio Supreme Court held that the phrase "without due regard" requires that the driver of a motor vehicle exercise the same degree of care as would a reasonably prudent person under similar circumstances. See id. at syllabus.
Likewise, in State v. Hoorazar (May 23, 1984), Hamilton App. No. C-830680, unreported, we held that the culpable mental state under Cincinnati Municipal Code 506-6 is negligence. According to the definition in R.C. 2901.22(D), [a] person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist.
The issue is whether Brunner's operation of a hydraulic lift that caused his vehicle to bounce so that the tires left the surface of the road constituted a substantial lapse from due care such that Brunner's actions posed a risk of harm to persons or property. We note that unless a vehicle's tires remain in contact with the surface of the road at all times, there is doubtless a risk that there will be a loss of control of the vehicle, which may result in harm to persons or property. It is reasonable then to infer that one who intentionally causes a vehicle to leave the surface of the road has failed to perceive this risk of harm. Consequently, we hold that Brunner's actions rose to the level of criminal negligence sufficient to satisfy the third element of Cincinnati's reckless-operation statute. Therefore, we overrule the first assignment of error.
In the second assignment of error, Brunner claims that his conviction was against the manifest weight of the evidence. Despite a determination that the evidence presented by the state was sufficient to support a conviction, a reviewing court may conclude that the judgment was against the manifest weight of the evidence. See Thompkins, supra, at 387,678 N.E.2d at 546, citing State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. As stated by the Ohio Supreme Court,
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
 Thompkins, supra, at 387, 678 N.E.2d at 546
(citation omitted). We, therefore, review the record, weigh the evidence and the reasonable inferences drawn from that evidence, consider the credibility of the witnesses, and determine whether the trier of fact lost its way in finding the defendant guilty. See id., citing State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. Only if the evidence weighs heavily against a conviction will this court reverse the conviction and order a new trial. See id.
The evidence in this case overwhelmingly supported the conviction. The state presented evidence that Brunner operated his hydraulic lift on a public street, at eight o'clock in the evening, while there were pedestrians nearby and moderate traffic in the area. On the state of this record, we hold that the weight of the evidence supported Brunner's conviction for reckless operation. Therefore, we overrule the second assignment of error.
Having overruled both of Brunner's assignments of error, we affirm the conviction.
Judgment affirmed.
 SUNDERMANN, P.J., and SHANNON, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] Ohio Adm. Code 5537-2-04(D) states that "[n]o person shall operate a motor vehicle on the turnpike without due regard for the safety and rights of others, so as to endanger the life, limb, or property of any person."
[2] Former R.C. 4511.20 stated that "[n]o person shall operate a vehicle, trackless trolley, or streetcar on any street or highway without due regard for the safety of persons or property."