OPINION
Defendant-appellant, Christopher Scully, appeals a conviction for reckless operation of a motor vehicle in violation of Cincinnati Municipal Code 506-6. The record shows that Cincinnati Police Specialist Richard Sulfsted was on bicycle patrol when he observed Scully driving a 1987 Chevrolet eastbound on Glenway Avenue in heavy traffic during rush hour. Four or five passengers were riding in the car with Scully. His vehicle was equipped with hydraulics, and when he made a right turn onto Gilsey Avenue, it drove on only three wheels. Sulfsted testified that the front end of the car was raised so that it was higher than the rear, and that the car's left front wheel was approximately one foot off the ground as it made the turn. He further stated that the car dropped before all four wheels again touched the ground.
Scully presents two assignments of error for review. In his first assignment of error, he states that trial court's finding of guilt was not supported by sufficient evidence. He contends that the evidence did not show that he operated his vehicle without due regard for the safety of persons or property. This assignment of error is not well taken.
Cincinnati Municipal Code 506-6 provides that "[n]o person shall operate a vehicle on any street or highway without due regard for the safety of persons or property." Interpreting a similar provision in the Ohio Administrative Code, the Ohio Supreme Court has held that the phrase "without due regard" requires the driver of a motor vehicle to exercise the same degree of care as would a reasonably prudent person under similar circumstances. Statev. Cichon (1980), 61 Ohio St.2d 181, 399 N.E.2d 1259, syllabus. This court has held that this language sets forth a negligence standard and that proof of recklessness is not required to establish a violation of Cincinnati Municipal Code 506-6. State v. Hoorazar (May 23, 1984), Hamilton App. No. C-830680, unreported. Further, we have held that "operation of a hydraulic lift that caused [a] vehicle to bounce so that the tires left the surface of the road * * *" rose to the level of criminal negligence sufficient to support a conviction under Cincinnati Municipal Code 506-6. State v. Bruner (Mar. 17, 2000), Hamilton App. C-990481, unreported.
In this case, the police officer testified that the vehicle's hydraulic system caused one of the car's wheels to leave the road and that the vehicle traveled on three wheels as Scully made the turn. This evidence was sufficient to establish negligence. The state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that Scully operated his vehicle without due regard for the safety of persons or property. Therefore, the evidence was sufficient to support his conviction, and we overrule his first assignment of error. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; Bruner, supra.
In his second assignment of error, Scully contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of judgment that we must reverse the conviction and order a new trial. Therefore, Scully's conviction is not against the manifest weight of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547; State v. Allen
(1990), 69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278. Scully argues that the state's evidence was not credible, but matters as to credibility of evidence are primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Accordingly, we overrule Scully's second assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 _________________________ DOAN, Judge
 Shannon, J., concurs, Painter, J., dissents.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.