Radecki, Admr., Appellee, *v.* Lammers et al., Appellants.

[Cite as Radecki v. Lammers, 15 Ohio St. 2d 101.]

(No. 41371—Decided July 3, 1968.)

*Mr. Jude F. Sutter,* for appellee.

*Messrs. Robison, Curphey & O'Connell* and *Mr. E. Thomas Maguire,* for appellants.

HERBERT, J. The sole question presented by the record in this cause may be stated as follows:

Does the record disclose any substantial, probative evidence to warrant an instruction to the jury upon "sudden emergency" by the trial court?

The Court of Appeals does not criticize the trial court's definition of "sudden emergency" or the wording used in discussing it. See *Francis* v. *Bieber,* 10 Ohio St. 2d 65; *Spalding* v. *Waxler,* 2 Ohio St. 2d 1; *Satterthwaite* v. *Morgan,* 141 Ohio St. 447. The finding of error is confined to the bare statement that there was "no evidence in the record presenting an issue of sudden emergency warranting an instruction to the jury thereon."

It is not our purpose to weigh the evidence, but rather to review the record to determine whether the statement of the Court of Appeals is or is not erroneous as a matter of law. Section 2505.31, Revised Code.

Since the collision did not occur on "streets or highways," reference to Section 4511.201 of the Revised Code is necessary to determine the standard of care required of

the defendant and the decedent. That section, as in effect on October 29, 1964, read:

"No person shall operate a vehicle, trackless trolley, or streetcar without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys, and streetcars, so as to endanger the life, limb, or property of any person while in the lawful use of any public or private property *other than streets or highways.*" (Emphasis added.)

It follows that the exercise of ordinary care is the standard required of both defendant and decedent in the case at bar.

The trial court gave special instruction B to the jury in this language:

"* * * If you find from the evidence that the defendant David M. Lammers was confronted by an emergency not created by himself immediately before the accident in question, then he was required at that time to exercise only such care as a reasonably prudent person would exercise under the same or similar circumstances. He should not be held to the exercise of the same care that prudent persons would exercise where no danger is present."

In its general charge to the jury, the trial court stated:

"If you find that the vehicle operated by the plaintiff boy suddenly entered the highway—sorry—suddenly entered the path in front of the defendant, and that the defendant was confronted by an emergency, not created or caused by himself, then under these circumstances the defendant was required to use only the amount or degree of care that a reasonably prudent person would use under the same or similar circumstances.

"Let me define an emergency for you. An emergency arises when there is a sudden or unexpected occurrence, or combination of occurrences which demand prompt action."

It is necessary to refer to the testimony to determine whether the doctrine of sudden emergency, as stated to the jury by the trial court, is applicable.

The gasoline service station, located at the intersection

of Monroe and Luann Streets, faces Monroe. Monroe runs east and west, and Luann runs north and south.

The defendant was traveling westerly on Monroe, and turned to the right into the station premises driveway. The decedent was crossing the gasoline station premises, obliquely from Luann toward Monroe. The defendant and the decedent were approaching each other diagonally, but were unable to see each other because of intervening pumps and signs. The panel truck was moving at about ten miles an hour. The decedent was proceeding somewhat faster. The defendant testified that he saw the bicycle a ''fraction of a second before the accident'' about three or four feet distant. The defendant started to apply his brakes, which were in good condition, but his foot struck the steering post and slid down onto the brake and the panel truck stopped within a matter of a few feet. The gasoline station attendant, the only eye witness to the accident, was standing inside the station doorway, about 35 feet from the scene of the accident. He testified that ''I noticed the truck, and I happened to see this boy on the bicycle coming in, and I was ready to come out and holler but it was too late, the boy ran into the truck, and the truck knocked him down.''

Apparently, the truck and the boy entered the gasoline station premises at about the same time—the boy from Luann Street and the truck from Monroe Street—and approached each other on a diagonal or oblique course. Between the two were signs and pumps, making it difficult for either to see the other. Elapsed time from the moment that the two entered the premises until the moment of the accident could not have been more than two or three seconds. It was within the province of the jury to determine whether the facts and circumstances confronting the plaintiff and the defendant created a ''sudden emergency,'' as such contingeny was defined and described by the trial court in its instructions. *Francis* v. *Bieber, supra.*

It was also for the jury to decide whether the conduct of the defendant was that of a reasonably prudent man under the same or similar circumstances. *Francis* v. *Bieber, supra; Satterthwaite* v. *Morgan, supra.*

The jury had a view of the premises, it saw and heard the witnesses and it had the opportunity to study their appearance and demeanor while on the witness stand. The jury and the trial court were in a more favorable position to evaluate the facts and circumstances and their causal relationship to this unfortunate tragedy than is a reviewing court.

The trial court also charged the jury on negligence and contributory negligence. The verdict was not tested by interrogatories; hence, a reviewing court is unable to say what issue or issues determined the verdict.

We are of the opinion that there was sufficient probative evidence on the issue of sudden emergency to warrant the instructions given.

It follows that the judgment of the Court of Appeals should be, and hereby is, reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

ZIMMERMAN, O'NEILL and SCHNEIDER, JJ., concur.

TAFT, C. J., concurs in paragraph one of the syllabus and in the judgment.

MATTHIAS and BROWN, JJ., dissent for the reason that they do not believe the charge on sudden emergency should have been given under the facts of the case, and that its having been given was prejudicial error.