STATE *v.* DAVIS.

(No. 10330—Decided September 27, 1968.*)

Common Pleas Court of Tuscarawas County.

*Mr. Mario D. Corsi,* city solicitor, for plaintiff.
*Mr. Danny D. Johnson,* for defendant.

LAMNECK, J.   On July 22, 1968, the defendant was convicted in the Mayor's Court of the city of Dover, Ohio, of violating Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, on April 27, 1968.

The complaint filed against the defendant reads as follows:

"That on or about the 14th day of April, 1968, in the county of Tuscarawas, state of Ohio, aforesaid, one John D. Davis, did operate a motor vehicle, to wit: a 1968 Plymouth 2-dr., bearing Ohio License No. R-365-G on any street or highway in the city of Dover, Ohio, namely, South Wooster in front of the Cove, without due regard for the safety of persons or property."

Section No. 731.03 of the Codified Ordinances of the city of Dover, reads as follows:

"No person shall operate a vehicle, trackless trolley, or street car on any street or highway without due regard for the safety of persons or property."

The matter is now before this court on an appeal on questions of law as provided by Sections 1905.22 and 2953.02 *et seq.,* Revised Code.

Before the taking of testimony in the mayor's court in this case counsel for the defendant filed two oral motions under Section 2937.04, Revised Code, which provides that

---

*No further appeal taken.

a defendant may file an oral "motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea, in abatement or demurrer."

The two motions are as follows:

1. That the mayor has a direct and substantial pecuniary interest in reaching a conclusion in the case.

2. That Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, is unconstitutional as a criminal statute.

Both motions were overruled.

The language of Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, is identical with that of amended Section 4511.20, Revised Code, effective December 13, 1967.

The undisputed evidence in this case shows that on April 14, 1968, about 4:27 p. m., the defendant drove his car from the "Cove" Cafe parking lot located on the East side of South Wooster Avenue near the intersection of Broadway and Wooster Avenue in the city of Dover, Ohio; and that as he came out of said parking lot he attempted to drive north on Wooster Avenue and while driving north he crossed over Broadway and entered a Sunoco Gas Station on the northeast corner of Broadway and Wooster Ave.

The officer who made the arrest testified as follows:

"I heard an engine rev up, I thought at a high rpm and I looked down and this late model Plymouth come out of the Cove parking lot, come out squealing the tires when he turned toward town or north, he went, backend fishtailed, went sideways in the road."

The evidence also shows that traffic was moderate at the time; there was no accident or injury to persons or property; and that as the defendant came out of the parking lot there was no northbound traffic on Wooster Avenue in the immediate vicinity.

There is undisputed evidence that some of the 1968 Plymouth Road Runners were equipped with faulty carburetors which caused driving problems. The defendant

was driving one of these cars at the time of the alleged offense.

The defendant claims the following errors of law in the trial of this cause:

1. That the Mayor of the city of Dover was not qualified to sit in the trial of this cause under the 14th Amendment of the federal Constitution.

2. That Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, similar to Section 4511.20, Revised Code, is not a criminal statute.

3. That the verdict is contrary to the weight of the evidence.

4. That the Codified Ordinances of the city of Dover, Ohio, carries no penalty section for the violation of Section 731.03 of said Ordinances.

The defendant claims that the mayor of the city is not qualified to sit as a judge in ordinance cases under the 14th Amendment of the federal Constitution because the mayor has a direct and substantial pecuniary interest in reaching a conclusion under such cases.

In support of this contention, the defendant cites the case of *Tumey* v. *State*, 273 U. S. 510, 71 L. Ed. 749, decided by the Supreme Court of the United States on March 7, 1927.

In that case it was held that ''an accused is unconstitutionally deprived of due process of law if his liberty and property are subjected to the judgment of a court *the judge of which has a direct and substantial pecuniary interest in reaching a conclusion against him.*''

Under Section 1905.01, Revised Code, the mayor of a municipal corporation where there is no municipal court has jurisdiction in ordinance cases of such municipal corporation.

Under Section 1905.21, Revised Code, the mayor of a municipal corporation ''may not retain or receive for his own use any of the fines, forfeitures, fees or costs which he collects,'' and his compensation as such mayor is a fixed annual salary.

The defendant contends that the mayor has a substan-

tial interest in the outcome of a criminal case in his court in that it affects the annual income of the municipality and that as he is the executive head of the municipality he is interested in gaining income for the municipality.

If a mayor might be influenced by such a consideration, there are ample safeguards to meet such a situation.

Section 2937.20, Revised Code, provides that a case may be removed from a mayor's court to another court on the order of the Common Pleas Court if the mayor is found to be biased, prejudiced, or otherwise disqualified.

There are also provisions for a jury trial in a mayor's court where a fine of more than $50.00 may be imposed or if imprisonment may be imposed as part of the penalty.

A mayor of a municipality has no personal direct and substantial pecuniary interest in reaching a conclusion in the prosecution of a misdemeanor case under a municipal ordinance. Therefore this assignment of error is not well taken.

The defendant also claims that Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, is unconstitutional as a criminal statute in that it violates the 14th Amendment to the federal Constitution in that it does not specify actions which are forbidden by it.

There are some decisions in other states and also in the federal Courts which tend to support this contention.

In *Lanzetta* v. *New Jersey*, 83 Law Ed. 888, 306 U. S. 451, the Supreme Court of the United States held that to be consistent with the constitutional requirement of due process, the terms of a penal statute creating a new offense should not forbid or require the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application but must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.

The words "without due regard for the safety of persons or property" contained in Section 731.03 of the Ordinance is identical with the language contained in present Section 4511.20, Revised Code. These words have never been construed under present Section 4511.20, Revised

Code. Present Section 4511.20, Revised Code, replaces former Section 4511.20, Revised Code. There is little difference in the meaning of the two except the present section may be construed to be somewhat more comprehensive.

Under former Section 4511.20, Revised Code, the Supreme Court of this state in *Ohio* v. *Martin*, 164 Ohio St. 54, construed the phrase "without due regard" to mean that a person was to operate his vehicle in the same manner as would a reasonably prudent person under similar circumstances. In that case the defendant was found guilty of second degree manslaughter for his alleged violation of Section 4511.20, Revised Code.

This interpretation was approved and followed by the Supreme Court in *Cothey* v. *Trucking Co.*, 176 Ohio St. 342. In that case the defendant made a left turn in the path of an oncoming car causing a collision in violation of Section 4511.39, Revised Code, relating to making a turn from a direct course on a highway.

Also in *Koppelman* v. *Springer*, 157 Ohio St. 117, it was held under former Section 6307-20, General Code, similar to Section 4511.20, Revised Code, and also to Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, that said section prescribed merely a general rule of conduct and was not a specific requirement to do or not do a particular act, and did not constitute negligence per se.

Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, which is couched in the same language as Section 4511.20, Revised Code, is commonly known as an ordinance against "reckless driving."

Section 58 of the Vehicle and Traffic Laws of the state of New York which provided that "reckless driving shall mean driving or using any motor vehicle or motorcycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" was recognized as a valid criminal statute in *People* v. *Sas*, 16 N. Y. S. 2d 380.

The meaning of this New York statute is similar to the ordinance in question in this case and to Section 4511.20, Revised Code.

This court is of the opinion that Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, using the same language contained in Section 4511.20, Revised Code, is specific enough to constitute a valid and constitutional criminal ordinance.

Section 2935.17, Revised Code, relating to the form of an affidavit provides that the alleged offense should be described as nearly according to the nature thereof as the case will admit in ordinary and concise language.

Under statutes deemed sufficiently definite as to the elements of, or the facts constituting reckless driving, an indictment, affidavit or information following the statutory language may be deemed to be sufficient but where the particular statute or ordinance does not sufficiently define the offense of reckless driving, the mere use of the statutory language in charging an offense of reckless driving is not sufficient. See 7 American Jurisprudence 2d, Section 317, Page 860.

It has also been held by the New York Courts that in a prosecution for reckless driving, acts and omissions constituting the alleged offense must be specifically charged in the indictment or complaint. See *People* v. *Wojcinski*, 159 N. Y. 2d 539; *People* v. *Armlin*, 6 N. Y. 2d 231, 160 N. E. 2d 478; see also *State* v. *Virgil Howard Hamilton*, 56 S. E. 2d 544; 12 A. L. R. 2d 573.

In order to sustain a conviction for reckless driving under the ordinance in question and Section 4511.20, Revised Code, the indictment or complaint should allege facts and not conclusions and the acts or omissions constituting the offense should be specifically charged. See *People* v. *Green*, 13 N. E. 2d 278, 368 Ill. 242, 115 A. L. R. 348.

The complaint should also allege how a person or persons or property was endangered. In these regards the affidavit in this case was defective.

The defendant also claims that the finding of guilty in this case was manifestly against the weight of the evidence.

Under a California Statute which prohibited driving upon a public highway in wilful or wanton disregard for the safety of persons or property (similar to the ordinance

in question and Section 4511.20, Revised Code), the court held in *People* v. *Allison*, 101 Cal. App. 2d Supp. 932, 226 Pac. 2d 85, that in order to convict under the statute it is necessary that the trier of fact be convinced by the evidence beyond a reasonable doubt and to a moral certainty that the defendant in the management of his automobile at the time and place in question intentionally did something with knowledge that injury to another was probable or acted with a wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of his acts.

Assuming that a valid complaint was filed in this case, there is no evidence of any consequence in the record tending to show that the defendant intentionally did anything with knowledge that his actions imperiled the safety of any person or property.

The court must therefore conclude that the verdict of guilty in his case was manifestly against the weight of the evidence.

While there may be some merit to the fourth assignment of error that Section 731.03 of the Codified Ordinances of the city of Dover, Ohio, is ineffective as a criminal ordinance because the penalty section was not re-enacted when Section 731.03, Revised Code, was amended, it is not necessary at this time to pass upon this assignment. The court desires to point out, however, that when Section 4511.20, Revised Code, was amended, the penalty section, Section 4511.99, Revised Code, was re-enacted by the Legislature.

It will therefore be ordered that this cause be reversed and the defendant discharged from further proceedings herein.

Exceptions noted.

*Judgment reversed.*