CITY OF SYLVANIA, APPELLEE, *v.* BADGER, APPELLANT.

(No. L-77-235—Decided May 5, 1978.)

*Mr. James E. Moan,* for appellee.
*Mr. Robin M. Kennedy,* for appellant.

POTTER, P. J. After a non-jury trial in Sylvania Municipal Court, defendant, the appellant herein, was found guilty of driving without due regard for safety in violation of Sylvania Municipal Code 42.11. Defendant appeals to this court and files the following assignments of error:

"The trial court was in error for failing to dismiss the complaint because the Sylvania City Ordinance Section 42.11 is vague and therefore violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

"The trial court was in error for failing to dismiss the complaint pursuant to Rule 3 of the Ohio Rules of Criminal Procedure because the complaint failed to state the essential facts constituting the offense charged.

"The verdict of Guilty of Driving without Due Regard for Safety was clearly and manifestly against the weight of the evidence as the City of Sylvania failed to prove the essential elements of Driving without Due Regard for Safety beyond a reasonable doubt."

We find the first assignment of error not well taken.

The Municipal Code Section at issue herein provides:

"No person shall operate a vehicle without due regard for

the safety and life of pedestrians and drivers and occupants of all other vehicles and trackless trolleys, and so as to endanger life, limb or property of any person while in the lawful use of the streets or highways."

We hold that the words used have a known meaning and are definite enough to give individuals fair warning of what conduct is prohibited. The term "without due regard" as used in this ordinance establishes the same standard of conduct as set forth in R. C. 4511.20 and R. C. 4511.201. A violation results when the operator does not operate the vehicle in the same manner as would a reasonably prudent person under similar circumstances. *Radecki* v. *Lammers* (1968), 15 Ohio St. 2d 101; *State* v. *Martin* (1955), 164 Ohio St. 54. The term "without due regard" is not ambiguous. See *State* v. *Beener* (1977), 54 Ohio App. 2d 14. The municipal code section conveys an understandable meaning to the average person and puts operators on notice that driving which is both negligent and dangerous is punishable. Regulation of driving cannot be done through precise and specific laws. Laws must speak in general terms in order to properly deal with variant factual circumstances. See *City of Spokane* v. *Vaux* (1973), 83 Wash. 2d 126, 516 P. 2d 209; *State* v. *Thurston* (1972), 112 N.H. 288, 293 A. 2d 770. Sylvania Municipal Code 42.11 sets forth a generally understood standard of conduct and furnishes sufficiently clear guidance for police officers; thus, it satisfies the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

We find appellant's second and third assignments of error both well taken. The appellee failed to timely file an answer brief in this court. Therefore, pursuant to Appellate Rule 18(C), we accept appellant's statement of the facts and issues as correct. The complaint and summons in the instant case was the "Ohio Uniform Traffic Ticket," as mandated by Traffic Rule 3. The box checked for the nature of the violation indicated the following: "operated without regard-to safety (describe below)." The only description entered on the ticket was "driving without due regard for safety." The ordinance was cited, but no statement of the facts giving rise to the violation was written on the face of the ticket; thus, defendant was not specifically informed which of his acts or omissions constituted the offense. We find that the traffic ticket was not

properly completed and, therefore, it was not a valid complaint in accordance with Crim. R. 3. *Cf. State* v. *Davis* (1968), 16 Ohio Misc. 282. The trial court committed prejudicial error in refusing to grant defendant's motion to dismiss. We also hold that the verdict rendered after a trial on the merits was contrary to the manifest weight of the evidence. The sole witness, Officer Birr, testified that defendant admitted traveling in excess of the posted speed limit. The only testimony on danger to life or property was a mere conclusion unsupported by other evidence or testimony. Speed alone cannot support a finding of driving without due regard for safety. *City of Toledo* v. *Soldier* (1956), 101 Ohio App. 273. The city, therefore, failed to prove all the essential elements of the offense.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.