THE STATE OF OHIO, APPELLEE, *v.* CICHON, APPELLANT.

[Cite as State v. Cichon (1980), 61 Ohio St. 2d 181.]

(No. 79-902—Decided February 6, 1980.)

*Mr. Carmen V. Roberto,* law director, and *Mr. Robert C. Hunt,* for appellee.

*Mr. John F. Herman,* for appellant.

HERBERT, J. The issue certified to us for review requires that we determine the requisite degree of culpability to sustain a conviction under Ohio Adm. Code 5537-2-04(D).

Although this explicit question is one of first impression, this court has construed the phrase "without due regard" as used in R. C. 4511.20 and 4511.201,[2] statutes embodying essentially the same offense as the one set forth in Ohio Adm. Code 5537-2-04(D).[3] The decisions construing these statutes hold that R. C. 4511.20 and 4511.201 seek to punish drivers for their failure to exercise reasonable prudence in the operation of vehicles in this state. *Radecki* v. *Lammers* (1968), 15 Ohio St. 2d 101, 238 N.E. 2d 545; *Cothey* v. *Jones-Lemley Trucking Co.* (1964), 176 Ohio St. 342, 199 N.E. 2d 582; *State* v. *Martin* (1955), 164 Ohio St. 54, 128 N.E. 2d 7; *Koppelman* v. *Springer* (1952), 157 Ohio St. 117, 104 N.E. 2d 695. See, also, 52 A.L.R. 2d 1337, 1356, Section 13. Such a construc-

---

[2] R. C. 4511.20 provides:

"No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway without due regard for the safety of persons or property."

[3] The regulatory language of Ohio Adm. Code 5537-2-04(D), effective December 1, 1954, is apparently fashioned after R. C. 4511.20. At the time the regulation became effective, R. C. 4511.20 provided:

"No person shall operate a vehicle***without due regard for the safety and rights of pedestrians and drivers***so as to endanger the life, limb, or property of any person while in the lawful use of the***highways." (119 Ohio Laws 766, 775.)

tion comports generally with other authorities whose enactments embody language substantially similar to that of R. C. 4511.20 and 4511.201, and is often referred to as the doctrine of ordinary care. *E.g., Colo. Rev. Stat.* (1973), Section 42-4-1204, *State* v. *Chapman* (1977), 192 Colo. 322, 557 P. 2d 1211; Minn. Stat. Annot., former Section 169.13(3), *State* v. *Meany* (1962), 262 Minn. 491, 115 N.W. 2d 247.[4]

Appellant urges essentially that when the General Assembly altered Ohio's Criminal Code with the enactment of Am. Sub. H. B. No. 511 (134 Ohio Laws 1866, effective January 1, 1974), existing judicial decisions, with respect to the degree of culpability required to convict under the provisions of R. C. 4511.20 and, *a fortiori,* Ohio Adm. Code 5537-2-04(D), were modified to require proof of "recklessness," as defined by R. C. 2901.22(C).[5] However, a perusal of Am. Sub. H. B. No. 511 demonstrates that the General Assembly failed to specifically revise the provisions of R. C. 4511.20 at a time when it would logically have done so.[6] In our view, such legislative inaction in the face of longstanding judicial interpretations of that section evidences legislative intent to re-

---

[4] For an expansive explanation of the distinction between R. C. 4511.20, Ohio's so-called "reckless operation" statute, and the "reckless operation" statutes in the majority of other jurisdictions, see Fisher, Vehicle Traffic Law (1961 Ed.), 323, Chapter 16; Uniform Vehicle Code and Model Traffic Ordinance (Rev. Ed. 1968), 159, Section 11-901; Traffic Laws Annotated (1972), 597, Section 11-901; and Annotation, 52 A.L.R. 2d 1337.

[5] R. C. 2901.22(C) provides:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

[6] Am. Sub. H. B. No. 511 repealed, *inter alia,* R. C. 4511.18 (homicide by vehicle in the second degree) and R. C. 4511.181 (homicide by vehicle in the first degree). The Legislative Service Commission's commentary to Am. Sub. H. B. No. 511 suggests that R. C. 2903.06 replaced R. C. 4511.181, modifying the statutory law to require proof of "recklessness" as defined by R. C. 2901.22(C). The commission's commentary further opines that R. C. 2903.07 replaced R. C. 4511.18 and includes "negligence" as the degree of culpability upon which a defendant's conviction is in part to be predicated. See R. C. 2901.22(D). Notwithstanding the legislative deletion of various offenses in Title 45 of the Revised Code, and their recodification in Title 29 where specific standards of culpability were added, no similar revision was made with regard to R. C. 4511.20.

184

tain existing law. See *Brooklyn Union Gas Co.* v. *New York State Human Rights Appeal Board* (1976), 41 N.Y. 2d 84, 359 N.E. 2d 393; *Harvest Queen Mill & Elevator Co.* v. *Sanders* (1962), 189 Kan. 536, 370 P. 2d 419; *United States* v. *Elgin, J. & E. Ry. Co.* (1936), 298 U.S. 492.

Accordingly, under Ohio Adm. Code 5537-2-04(D), the phrase "without due regard" requires the driver of a motor vehicle on the turnpike to exercise the same degree of care as would a reasonably prudent person under similar circumstances.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.