CITY OF NORWALK, Appellee,

v.

HOFFMAN, Appellant.

[Cite as *Norwalk v. Hoffman* (1989), 64 Ohio App.3d 34.]

Court of Appeals of Ohio,
Huron County.

No. H–88–44.

Decided Sept. 1, 1989.

*Alex Thornton,* for appellee.

*Richard Huber,* for appellant.

ABOOD, Judge.

This is an appeal of a denial of a motion to dismiss and judgment of conviction in the Norwalk Municipal Court of the traffic offense of reckless operation in violation of Norwalk Municipal Ordinance No. 333.09(A).

Appellant sets forth one assignment of error:

"The Court erred in denying Defendant–Appellant's motions to dismiss the charges comprising the complaint and affidavit as same did not charge a criminal offense under Criminal Rule 3."

The facts that are relevant to the issues on appeal are as follows: On November 10, 1988, at approximately 11:25 p.m. on Old State Road in the city of Norwalk, appellant was stopped by a police officer and given a citation for reckless operation. Appellant entered a not guilty plea and the case was set for trial on December 6, 1988. Prior to the trial, on that date, appellant filed a written motion to dismiss for failure of the complaint and affidavit to state facts sufficient to constitute an offense under Crim.R. 3. The motion, which was renewed orally during trial, was overruled and appellant was found guilty and given a fine. It is from the denial of the motion to dismiss and judgment of conviction that this appeal is taken.

In support of his assignment of error, appellant argues that the uniform traffic citation as completed and given to him by the officer does not set forth facts sufficient to state an offense under Crim.R. 3 and that in accordance with this court's decisions in *Sylvania v. Badger* (1978), 64 Ohio App.2d 78, 18 O.O.3d 52, 411 N.E.2d 195, and *Norwalk v. Ezell* (Mar. 13, 1987), Huron App.No. H–86–31, unreported, 1987 WL 7792, his motion to dismiss should have been granted.

Appellee essentially responds that when viewing the face of the citation as a whole, including all the filled-in blanks and check marks, a "plethora" of facts is set forth such as the time the offense took place, the year and make of the car, that the road was asphalt, that it was a residential area, that the pavement was wet and that appellant almost caused an accident and, therefore, *Badger* and *Ezell* can be distinguished.

Crim.R. 3 states:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

In *Badger, supra* at 79, 18 O.O.3d at 53–54, 411 N.E.2d at 196–197, which involved an offense similar to the one in this case, this court stated:

"The complaint and summons in the instant case was the 'Ohio Uniform Traffic Ticket,' as mandated by Traffic Rule 3. The box checked for the nature of the violation indicated the following: 'operated without regard to safety (described below).' The only description entered on the ticket was 'driving without due regard for safety.' The ordinance was cited, but no

statement of the facts giving rise to the violation was written on the face of the ticket; thus, defendant was not specifically informed which of his acts or omissions constituted the offense. We find that the traffic ticket was not properly completed and, therefore it was not a valid complaint in accordance with Crim.R. 3."

In *Ezell, supra,* the defendant-appellant was charged with a violation of a Norwalk Zoning Ordinance in a complaint that stated:

" * * * Dennis Ezell at Norwalk, Huron County, Ohio, on or about July 23, 1986, did unlawfully fail to abide by an order of the zoning inspector of the City of Norwalk made pursuant to Section 1135.02 of the Norwalk City Ordinances in violation of Sec. 1135.99 Norwalk City Ordinance * * *."

This court found in that case that the complaint, as stated, " * * * is devoid of any facts concerning the crime charged. The only operative fact contained therein was that appellant failed ' * * * to abide by an order of the zoning inspector * * * pursuant to Section 1135.02 * * *.' This is not sufficient to comply with Crim.R. 3.

"In a criminal action, an accused has a constitutional right to be informed of the nature and cause of accusations against him. Therefore, the complaint must contain the essential elements of the crime with which he is charged. * * * "

The affidavit which charged the appellant in this case was a Uniform Traffic Citation, on which a check mark was placed in the box next to the words "Operated Without Regard to Safety." In the area designated "Description of Offense" the officer wrote "Wilful Reckless Operation" and inserted Ordinance No. 333.09(A). While the face of the citation does contain information regarding such facts as the year and make of the car, the pavement, the visibility and the road surface, it is clear that there were no more operative facts set forth in the complaint in this case than in *Badger* or *Ezell.*

This court must note that the Norwalk Municipal Court records indicate that the officer did write a very complete statement of the specific action that constituted the offense charged; however, this was done on a separate page that was filed with the court but not furnished to the appellant as part of the charging document.

In accordance with the above, this court finds that appellant's sole assignment of error is well taken.

On consideration whereof appellant John B. Hoffman, was prejudiced and denied a fair trial. The judgment of the Norwalk Municipal Court is reversed

and appellant is hereby discharged. This cause is remanded to the trial court for assessment of costs. Costs assessed against appellee.

*Judgment reversed.*

HANDWORK, P.J., and GLASSER, J., concur.