DECISION AND JUDGMENT ENTRY
This accelerated case is before the court on appeal from a judgment of the Ottawa County Municipal Court, wherein appellant, Randy L. Hammitt, Jr., was convicted of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).
The record reveals that appellant was charged with a violation of R.C.4511.19(A)(1) on December 31, 1999. On January 3, 2000, appellant's defense counsel entered an appearance and, among other things, waived, in writing, appellant's right to a speedy trial under R.C. 2945.71. On February 15, 2000, defense counsel filed a motion to withdraw; said motion was granted on March 3, 2000. On March 2, 2000, appellant filed,pro se, a motion to dismiss the charge against him due to alleged defects in the charging instrument. In addition, appellant "withdrew" all actions of his dismissed defense counsel and indicated that he would represent himself throughout the proceedings below. The motion to dismiss was denied on March 3, 2000.
On March 14, 2000, the municipal court scheduled a jury trial for May 9, 2000. On May 2, 2000, appellant filed a motion to suppress evidence of appellant's "sobriety and alcohol level" alleging that the arresting officer lacked probable cause to stop and detain appellant because he was not committing any observable offense. On that same date, appellant also filed a motion to dismiss the case against him for failure to bring him to trial within the time limit set forth in R.C. 2945.71. The motion to dismiss for a speedy trial violation was dismissed on the day that it was filed, without comment by the municipal court. On May 3, 2000, the trial court overruled the motion to suppress, finding that (1) it was untimely; (2) it failed to contain factual allegations justifying relief; and (3) it was simply an "apparent substitution for other discovery and will not lie." The case proceeded to trial, appellant was found guilty of the charged offense and sentenced.
In his pro se appeal, appellant sets forth six assignments of error. The assignments challenging the trial court's denial of appellant's motion to dismiss for failure to comply with the time limits for trial, as set forth in R.C. 2945.71, read as follows:
 "I. The trial Court erred as a matter of law and abused its discretion when denying Appellant/Defendant's Motion to Dismiss for Want of Speedy Trial, filed prior to commencement of the trial of Defendant and filed after the statutory time limit for speedy trial.
 "II. The trial Court erred as a matter of law and abused its discretion when not casting the burden of proof upon the State (Appellee/Plaintiff), after the Appellant/Defendant presented a prima facie case for discharge by way of Appellant/Defendant's Motion to Dismiss for Want of Speedy Trial.
 "V. The trial Court erred as a matter of law and abused its discretion when not stating its essential findings on the record when denying Appellant/Defendant's Motion to Dismiss for Want of Speedy Trial."
Based upon the applicable law, we must find that all three of appellant's assignments of error related to an alleged speedy trial violation are without merit.
Generally, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." State v. O'Brien (1987), 34 Ohio St.3d 7, 9. Under the statute, a defendant, charged with a first degree misdemeanor such as driving under the influence of alcohol as proscribed by R.C. 4511.19(A)(1) must be tried within ninety days of his arrest or service of summons. R.C. 2945.71(B)(2). Once a defendant establishes a prima facie case of a violation of the defendant's right to a speedy trial, the burden then shifts to the state to demonstrate that the statutory limit was not exceeded by establishing that the time was properly extended pursuant to R.C. 2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31. The time limit is extended for, inter alia, "the period of any reasonable continuance granted other than upon the accused's own motion." R.C.2945.72(H). Finally, Crim.R. 12(E) states that, "where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Nonetheless, in order to invoke Crim.R. 12(E), a defendant must request the court to make factual findings. State v.Benner (1988), 40 Ohio St.3d 301, 317-318; Bryan v. Knapp (1986),21 Ohio St.3d 64, syllabus.
Initially, we note that appellant established a prima facie case of a violation of his right to a speedy trial by showing that trial was not held within ninety days of the date he was arrested. However, nothing in the record of this case indicates that the municipal court improperly failed to shift the burden of proof to appellee. Furthermore, appellant failed to request that the court state its essential factual findings on the record when it overruled appellant's motion to dismiss. Therefore, the trial court was not required to do so. Moreover, there is sufficient evidence in the record justifying and supporting the overruling of the motion to dismiss; therefore, the court's failure to state findings of fact is not reversible error. State v. Brown (1992), 64 Ohio St.3d 476, syllabus. For these reasons, appellant's Assignments of Error Nos. II and V are found not well-taken.
Turning to Assignment of Error No. I, appellant's defense attorney waived the time requirements of R.C. 2945.71(B)(2) on January 3, 2000, three days after appellant was arrested. In State v. McBreen (1978),54 Ohio St.2d 315, syllabus, the Ohio Supreme Court found that defense counsel's agreement in setting the trial date thirty days beyond the statutory time limit was reasonable, that is, a period of reasonable continuance upon other than the accused's own motion, even without the accused's consent. See also State v. McRae (1978), 55 Ohio St.2d 149,152-153; State v. Davis (1976), 46 Ohio St.2d 444, State v. Hirsch
(Dec. 10, 1999), Portage App. No. 98-P-0084, unreported; State v.Yelling (Feb. 19, 1997), Summit App. No. 17674, unreported. Following such a waiver of unlimited duration, a defendant is not entitled to discharge for delay in bringing him to trial unless he makes a formal written objection and demand for trial, "following which the state must bring the accused to trial within a reasonable time." State v. O'Brien
(1987), 34 Ohio St.3d 7, paragraph two of the syllabus; Hirsch, supra. Here, appellant withdrew the waiver on March 2, 2000. Trial was then scheduled for and held on May 9, 2000, a period well within the ninety day time limit set forth in R.C. 2945.71(B)(2)[1]. Accordingly, the trial court did not err in denying appellant's motion to dismiss, and appellant's Assignment of Error No. I is found not well-taken.
Appellant asks this court to consider two assignments of error involving the municipal court's denial of his motion to suppress:
 "III. The trial Court erred as a matter of law and abused its discretion when denying Appellant/Defendant's Motion to Suppress aimed at demonstrating that the arresting officer lacked reasonable suspicion to detain Appellant, and thereby lacked cause to arrest and charge Defendant.
 "VI. The trial Court erred as a matter of law and abused its discretion when not stating its essential findings on the record when denying Appellant/Defendant's Motion to Suppress."
A motion to suppress must be filed within thirty-five days of arraignment or seven days before trial, whichever is earlier. Crim.R. 12(B) and (C); State v. Stamper (1995), 102 Ohio App.3d 431, 440. Failure to move within the time specified in Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes waiver of the error. State v. Wade (1978), 53 Ohio St.2d 182, paragraph three of the syllabus. In the present case, appellant, through his trial counsel, waived arraignment and entered a not guilty plea on January 3, 2000. Appellant had until February 7, 2000 to file his motion to suppress. Appellant filed his motion to suppress on May 2, 2000. Thus, the trial court properly overruled appellant's motion. Because the motion to suppress was untimely, the trial court did not need to consider the merits of the motion and was not required to enter any factual findings. Therefore, appellant's Assignments of Error Nos. III and VI are found not well-taken.
Appellant's Assignment of Error No. IV contends:
 "The trial Court erred and abused its discretion when denying Appellant/Defendant's Motion to Dismiss for failure to charge an offense, because the charging document did not inform the Appellant/Defendant of the nature or the cause of the crime."
Appellant argues that the complaint against him was insufficient to charge him with an offense because it failed to state which of his acts or omissions constituted the offense. Appellant concludes that due to the insufficiency of the complaint, the trial court lacked the jurisdiction to proceed to trial and conviction.
Crim.R. 3 defines a complaint as "a written statement of the essential facts constituting the offense charged." The complaint must also include the numerical designation of the applicable statute or ordinance. Id.
Under Ohio law, appellant's traffic citation is the charging instrument setting forth his offense. City of Norwalk v Hoffman (1989),64 Ohio App.3d 34, 35; State v. Kramer (Feb. 6, 1998), Montgomery App. No. 16644, unreported. A review of the traffic citation discloses that it contains facts indicating that on December 31, 1999, Randy L. Hammitt, Jr., operated a 1986 blue Ford while under the influence of alcohol in violation of R.C. 4511.19(A)(1). The citation also shows that this was appellant's second such offense within six years and that appellant refused to take a blood alcohol/breathalyzer test. We conclude that these facts were more than sufficient to inform appellant of the offense with which he was charged. Accordingly, the trial court did not err in denying appellant's motion to dismiss based upon an alleged deficiency in the charging instrument. Appellant's Assignment of Error No. IV is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
State v. Hammitt
OT-00-020
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
JUDGE
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.
[1] One hundred thirty days elapsed between January 31, 1999 and May 9, 2000. Fifty-nine of those days (January 3, 2000 to March 2, 2000) were tolled by the waiver of the right to a speedy trial, leaving a period of seventy-one days between the time of arrest and the date of the trial.