JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mickey C. Bates ("defendant"), appeals pro se from a judgment of the Cleveland Municipal Court finding him guilty of speeding and reckless operation. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} A review of the record reveals the following: On April 16, 2007, Cuyahoga County Sheriff Officer Nick Riegelmayer ("Riegelmayer") issued a traffic citation to defendant for traveling above the posted speed limit and for reckless operation. Defendant entered a not guilty plea and the matter was set for trial. Prior to trial, defendant filed a motion to dismiss for failure of the complaint and affidavit to state facts sufficient to constitute an offense. The motion was denied and on July 10, 2007, the matter proceeded to a bench trial.
 {¶ 3} At trial, Riegelmayer testified that on April 16, 2007 at approximately 4:20 p.m., while driving a marked police car southbound on I-71 in Cleveland, Ohio, he observed a vehicle pass him at a high rate of speed in the left high-speed lane. Riegelmayer noticed that the driver, later identified as the defendant, had his left foot resting on the dashboard of his vehicle as he drove along. He accelerated to catch up to the defendant and observed that the defendant moved his vehicle into the far right lane of the highway. Using the pacing method, Riegelmayer determined that the vehicle was traveling at a speed of 75 m.p.h. in a 60 m.p.h. zone. He testified that he pulled up next to the defendant and signaled him to remove his foot from the dashboard. Riegelmayer indicated that the defendant complied with his order but raised his hands and yelled at him. At this point, Riegelmayer initiated a traffic *Page 4 
stop and pulled the defendant over. He reprimanded the defendant for driving with his foot on the dashboard. Defendant responded by telling Riegelmayer: "Don't lecture me, just give me a ticket." He subsequently cited defendant for speeding and reckless operation.
 {¶ 4} On cross-examination, Riegelmayer testified that he determined that defendant was speeding by pacing him. However, he could not account for why the defendant's ticket was not marked for "pacing" and why the other two copies were, in light of the fact that the defendant's copy would have been the center copy.
 {¶ 5} Defendant's motion for acquittal was denied by the trial court and defendant was found guilty of the alleged offenses and fined $250. It is from this judgment that defendant now appeals and raises five assignments of error, which will be addressed out of order and together where appropriate.
 {¶ 6} "I. The trial court should have granted appellant's motion to dismiss the reckless operation charge as the affidavit was insufficient to meet the minimum requirements required by law."
 {¶ 7} In his first assignment of error, defendant argues that the trial court erred in denying his motion to dismiss the complaint for reckless operation. Specifically, defendant claims that the traffic citation does not set forth sufficient facts to comply with Crim. R. 3.
 {¶ 8} Crim. R. 3 provides, in pertinent part: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance." Under Ohio law, defendant's traffic *Page 5 
citation is the charging instrument setting forth his offense. City ofNorwalk v. Hoffman (1989), 64 Ohio App.3d 34, 35.
 {¶ 9} Here, the traffic ticket contained a checked box for "other offense." The only description entered on the ticket was "willful wanton disregard of safety on highway." Although the ordinance was cited, no statement of the facts giving rise to the violation was written on the face of the ticket.
 {¶ 10} In Slyvania v. Badger (1978), 64 Ohio App.2d 78 and Norwalk v.Hoffman (1989), 64 Ohio App.3d 34, the Lucas and Huron County Courts, faced with fact scenarios nearly identical to this one, held that check marks next to the words "Operated Without Regard to Safety" with a description "willful reckless operation" were insufficient under Crim. R. 3 to apprise the defendant of the nature and cause of the accusations against him. See, also, Norwalk v. Ezell (March 13, 1987), Huron App. No. H086-31. The courts reversed the convictions under the reasoning that an "accused has a constitutional right to be informed of the nature and cause of accusations against him. Therefore, the complaint must contain the essential elements of the crime with which he is charged."
 {¶ 11} In response, the State argues that the defendant could have filed for a bill of particulars. However, a bill of particulars is not always an effective remedy to a vague complaint and unfairly shifts the burden of notice to the defendant. See City of Lakewood v. Calanni, 127 Ohio Misc.2d 39, 44, 2002-Ohio-7485. *Page 6 
 {¶ 12} Based upon the foregoing, we find that the traffic citation was not properly completed. The traffic citation was devoid of any facts concerning the offense of reckless operation; thus, defendant was not specifically informed which of his acts constituted the offense of reckless operation. Accordingly, the trial court erred in denying defendant's motion to dismiss the charge of reckless operation.
 {¶ 13} Assignment of Error I is sustained.
 {¶ 14} "II. Appellant challenges the sufficiency of evidence produced at trial on the issue of reckless operation and asserts that it was insufficient to find him guilty.
 {¶ 15} "III. The State did not prove beyond a reasonable doubt that the defendant was guilty of recklessness and did not properly weigh the evidence presented at trial."
 {¶ 16} Given our resolution of Assignment of Error I, that the trial court erred in denying defendant's motion to dismiss the charge of reckless operation, these two assignments of error are moot.
 {¶ 17} "IV. The State did not prove beyond a reasonable doubt that the defendant was guilty of speeding nor that the officer ever paced the appellant's vehicle and the court did not properly weigh the evidence presented at trial."
 {¶ 18} In his fourth assignment of error, defendant argues that his conviction for speeding is against the manifest weight of the evidence. Specifically, defendant challenges Riegelmayer's credibility in "pacing" his vehicle to determine that he was guilty of speeding. Defendant points to several inconsistencies in his testimony to show that Riegelmayer was *Page 7 
not going to give defendant a ticket for speeding until he became upset that the defendant would not admit that driving with his foot up on the dashboard was reckless. Defendant also notes that his ticket did not have the "Pace" box checked while the other two copies did. Defendant suggests that Riegelmayer marked the "Pace" box after he gave defendant a ticket because he realized that he had not put any evidence on the citation regarding how he determined speed.
 {¶ 19} When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. An appellate court should defer to the trial court's determination of witness credibility because the decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the evidence. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 20} Here, Riegelmayer testified that he observed defendant pass him in the left lane of I-71 at a high rate of speed and had determined, by pacing defendant's vehicle, that defendant was driving at a speed of 75 m.p.h. in a 60 m.p.h. zone. Although defendant denies that he was speeding and claims that Riegelmayer could not and did not accurately *Page 8 
"pace" him, the trial court did not act unreasonably in finding his testimony more credible than the defendant's version of the events. Accordingly, we find that the trial court's judgment finding defendant guilty of speeding, in violation of R.C. 4511.21(C), is not against the manifest weight of the evidence.
 {¶ 21} Assignment of Error IV is overruled.
 {¶ 22} "V. The municipal court should not issue a capias when the defendant files a not guilty plea with a waiver of his right to a speedy trial and the court should not charge court costs when the prosecution incurs those costs due to their own inability to prepare."
 {¶ 23} In his fifth assignment of error, defendant asks this Court to issue several directives to the Cleveland Municipal Court in their daily functioning. Appellate courts are prohibited from issuing advisory opinions. State v. Duncan, Cuyahoga App. No. 85367, 2006-Ohio-691. Accordingly, we decline to address the merits of this assigned error. Id. See, also, Miner v. Witt (1910), 82 Ohio St. 237, 238, 92 N.E. 21, 8 Ohio L. Rep. 71 (holding that an appellate court is not required to issue an advisory opinion to rule on a question of law that cannot affect matters at issue in a case).
Judgment affirmed in part and reversed in part.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
 ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1