The CITY OF COLUMBUS,

v.

NOLAN.

2009-Ohio-1083.]

Franklin County Municipal Court.

No. 2008 TRD 172209.

Decided Feb. 26, 2009.

Danielle Thornsberry, Assistant City Prosecuting Attorney, for plaintiff.

Robert J. Beck Jr., Franklin County Public Defender, for defendant.

DORRIAN, Judge.

{¶ 1} A trial was held on November 7, 2008. Defendant, Lonnie Nolan, was present and was represented by attorney Robert James Beck Jr. The city of Columbus was represented by prosecuting attorney Danielle Thornsberry. A court reporter was present, and sworn testimony was taken.

## STATEMENT OF FACTS

{¶ 2} On May 4, 2008, defendant responded to a request for assistance from his son-in-law, Larry Walker. Walker was on the berm of I–270 just west of the I–71 south exit with a flat tire. Defendant drove to the area. Defendant was in the middle lane of I–270 heading east when he saw Walker and his vehicle in the right berm. Defendant looked in his rearview mirror two or three times to see whether it was clear to get over to the right lane and the berm. He waited for some traffic to pass, and when he did not see any additional oncoming traffic, he merged into the right lane. At that time, Douglas Burkhart came up in the right lane of I–270 heading east and hit defendant.

## CONCLUSIONS OF LAW

{¶ 3} The defendant was charged with a misdemeanor of the fourth degree under Columbus City Code Section 2133.02. Prior to the trial commencing, the prosecutor moved to amend the ticket to have the charge reflect division (a) of the same section. The defendant stated no objection, and the ticket was amended accordingly.

{¶ 4} Columbus City Code ("CCC") Section 2133.02 states:

(a) No person shall operate a vehicle on any street, highway, or on any public or private property other than streets or highways *without due regard* for the safety of persons or property. (Emphasis added.)

(b) No person shall operate a vehicle on any street, highway, or on any public or private property other than streets or highways, *in willful or wanton disregard* of the safety of persons or property. (Emphasis added.)

Former R.C. 4511.20 read substantially the same as the current CCC Section 2133.02(a) reads; it contained the same element of "without due regard."[1] R.C.

---

1. Prior to the 1983 amendment, R.C. 4511.20 read "No person shall operate a vehicle, trackless trolley or streetcar on any street or highway without due regard for the safety of persons or property." R.C. 4511.201 read "No person shall operate a vehicle, trackless trolley or streetcar on any public or private property other than streets or highways without due regard for the safety of persons or property." It appears the Columbus City Council

4511.20 was amended by the 114th Ohio General Assembly with Am.Sub.S.B. No. 432, effective March 11, 1983, to delete the element of "without due regard" and to substitute the element of "in willful or wanton disregard." 139 Ohio Laws, Part I, 927, 954. CCC Section 2133.02(b) substantially reads as R.C. 4511.20 currently reads. Therefore, in interpreting CCC Section 2133.02(a), the court will analyze case law relating to CCC Section 2133.02(a) and former R.C. 4511.20.

{¶ 5} At issue in this case is the requisite mental state required for a violation of CCC Section 2133.02(a).[2] Defendant argues that recklessness is an element of CCC Section 2133.02(a). The state argues that it is not and urges this court to apply a reasonably-prudent-person negligence standard.

## A. The Reasonably–Prudent–Person Standard

{¶ 6} The reasonably-prudent-person negligence standard is commonly known as the ordinary common-law or civil negligence standard. This civil negligence standard differs from negligence per se or as a matter of law. The Ohio Supreme Court has held: "Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case." *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus; see also *Hurst v. Ohio Dept. of Rehab. & Corr.* (1995), 72 Ohio St.3d 325, 650 N.E.2d 104.

{¶ 7} Many courts, including the United States Supreme Court, have recognized that the negligence-per-se standard applies to offenses characterized as strict-liability offenses.[3] In 1974, the Ohio General Assembly and the Columbus City Council provided a third standard of negligence, which applies in criminal

combined the texts of former R.C. 4511.20 and former R.C. 4511.201 to create CCC Section 2133.02(a).

2. The title for CCC Section 2133.02 is "Reckless operation on streets, public or private property." However, Ohio law states that "[t]itle * * * headings * * * do not constitute any part of the law as contained in the Revised Code." R.C. 1.01. See also *Warner v. Zent* (C.A.6, 1993), 997 F.2d 116, holding "[r]esort to a title in construing a statute is unnecessary and improper." The same is applied to the Columbus City Code.

3. See *Morissette v. United States* (1952), 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288; *State v. Rife* (June 13, 2000), 10th Dist. No. 99AP–981, 2000 WL 757259; *Middletown v. Campbell* (1990), 69 Ohio App.3d 411, 590 N.E.2d 1301.

offenses, and that is substantial negligence.[4]  Substantial negligence[5] is defined in R.C. 2901.22(D) and CCC Section 2301.22 as follows: "A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

{¶ 8} It is significant to note that this court found no case law that applies the negligence-per-se or the R.C. 2901.22(D)/CCC Section 2301.22(D) substantial-negligence standard to the element of "without due regard."  In fact, the Ohio Supreme Court has specifically noted that former R.C. 4511.20, "prohibiting the operation of vehicles without due regard for the safety and rights of pedestrians and occupants of all other vehicles," is an example of legislation a violation of which does not constitute negligence per se. *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, citing *Koppelman v. Springer*, 157 Ohio St. 117, 47 O.O. 95, 104 N.E.2d 695.  However, the Ohio Supreme Court, the Tenth District Court of Appeals, and numerous other courts of appeal have applied the reasonably-prudent-person standard to former R.C. 4511.20, CCC Section 2133.02(a), and other offenses containing an element of "without due regard."

{¶ 9} In *Columbus v. Curtis* (Aug. 4, 1983), 10th Dist. No. 83AP–305, 1983 WL 3636, the Tenth District analyzed the constitutionality of R.C. 4511.191(k), by comparing it to former R.C. 4511.20.  The court emphasized the Supreme Court's interpretation of the without-due-regard standard as requiring operation in the same manner as a reasonably prudent person under similar circumstances.  Id., citing *Radecki v. Lammers* (1968), 15 Ohio St.2d 101, 44 O.O.2d 76, 238 N.E.2d 545;  *Cothey v. Jones–Lemley Trucking Co.* (1964), 176 Ohio St. 342, 27 O.O.2d 281, 199 N.E.2d 582; *State v. Martin* (1955), 164 Ohio St. 54, 57 O.O. 84, 128

---

4. The Ohio General Assembly passed Am.Sub.H.B. No. 511, and it went into effect January 1, 1974, implementing R.C. 2901.21 and 2901.22.  The Columbus City Council passed Ordinance 2047–73, and it went into effect January 30, 1974, implementing CCC Section 2301.21 and 2301.22.  R.C. 2901.22(D) and CCC Section 2301.22(D) define substantial negligence.

5. The 1973 Legislative Service Commission annotations following R.C. 2901.22 state: "[A] person is said to be negligent under the section when, because of a substantial slip from the standard of care required of him under the circumstances, he fails to notice or take steps to evade a risk that his conduct may cause a certain result or be of a certain nature, or that certain circumstances may exist.  Although the definition of 'negligence' in the new code is structured similarly to the definition of ordinary negligence used in tort law, it defines a higher degree of negligence than ordinary negligence.  For one to be negligent under this section he must be guilty of a substantial departure from due care, whereas ordinary negligence merely requires a failure to exercise due care."  The substantial-negligence standard applies to such offenses as R.C. 3903.05, negligent homicide;  R.C. 2903.14, negligent assault;  and R.C. 2903.06(A)(3), vehicular homicide.  See *State v. Ovens* (1974), 44 Ohio App.2d 428, 73 O.O.2d 540, 339 N.E.2d 853, for discussion of substantial negligence.

N.E.2d 7. The court noted that the "without due regard" language has been held to be sufficiently definite to avoid a challenge of vagueness. Id., citing *Sylvania v. Badger* (1978), 64 Ohio App.2d 78, 18 O.O.3d 52, 411 N.E.2d 195. It further noted that "[t]he history of application of the reckless operation statute created a common understanding of the conduct characterized by the words 'without due regard for the safety of persons.' " Id.

{¶ 10} In *Columbus v. Jackson* (July 1, 1982), 10th Dist No. 82AP–244, 1982 WL 4279, the Tenth District interpreted the former R.C. 4511.20 "without due regard" phrase as requiring a person to operate a vehicle in the same manner as would a reasonably prudent person under similar circumstances. Id., quoting *State v. Martin* (1955), 164 Ohio St. 54, 57 O.O. 84, 128 N.E.2d 7.

{¶ 11} In *Columbus v. Lavelle* (Mar. 30, 1978), 10th Dist. No. 77AP–628, 1978 WL 216750, the Tenth District found that CCC Section 2133.02(a) "is not vague but a clear and precise term which adequately informs men of common understanding of its meaning." The court distinguished the "without due regard" language from offenses in R.C. 2903.05, negligent homicide, and R.C. 2903.14, negligent assault, holding that " 'without due regard' * * * is basically the standard of negligence conveying sufficient warning to the general public as to the conduct prescribed. Such conduct may range from that of serious or flagrant driving misconduct to that of a relatively minor failure to give due regard for the safety of persons or property, depending upon the gravity of the action or nonaction." Id.

{¶ 12} In *Columbus v. Starghill* (Nov. 12, 1974), 10th Dist No. 73AP–479, 1974 WL 184430, the Tenth District noted that former R.C. 4511.20 is more accurately described as the "negligent-operation statute" rather than the "reckless-operation statute." It also found that CCC Section 2133.02(a) requires a person to operate a vehicle in the same manner as would a reasonably prudent person under similar circumstances.[6]

## B.  The Recklessness Standard

█  {¶ 13} Defendant argues that this court must refer to R.C. 2901.21 and 2901.22 when determining the requirement of a culpable mental state for criminal

---

6.  Interestingly, in *Starghill*, the Tenth District further noted that CCC Section 2131.33 (failure to control) also requires a person to operate a vehicle in the same manner as would a reasonably prudent person under similar circumstances, and therefore "define[s] substantially the same offense" as CCC Section 2131.33. The court went on to opine that "[a]lthough it is difficult to perceive any reason for two ordinances defining substantially the same offense, it is necessary to so construe [CCC Section] 2131.33 to sustain it constitutionally. If [CCC] Section 2131.33 be intended to define a completely separate and distinct offense from that defined by [CCC Section] 2133.02(A) and R.C. 4511.20, of necessity, [CCC Section] 2131.33 would be void for vagueness since it is difficult to define any conduct, not already prohibited by [CCC Section] 2133.02(A) to which [CCC Section] 2131.33 could apply." Id.

liability. R.C. 2901.21(B)(3) identifies the degrees of culpability as "purpose," "knowledge," "recklessness," or "negligence," as defined in R.C. 2901.22. CCC Sections 2301.21 and 2301.22 are exactly the same as R.C. 2901.21 and 2901.22 respectively. Furthermore the Revised Code Sections and the Columbus City Code Sections regarding degrees of culpability for criminal liability were enacted and went into effect in 1974.[7] Defendant points to R.C. 2901.21(B) specifically and argues that CCC Section 2133.02(a) neither specifies culpability nor plainly indicates a purpose to impose strict liability and therefore recklessness is the mental state required. Under R.C. 2901.22(C) and CCC Section 2301.22(C), "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

{¶ 14} The court has found no case law applying a recklessness standard to CCC Section 2133.02(a). To the contrary it has found case law applying the reasonably-prudent-person standard to CCC Section 2133.02(a).

## C. Reconciliation of Case Law Reasonably–Prudent–Person Standard and R.C. 2901.21 and 2901.22/CCC Sections 2301.21 and 2301.22

{¶ 15} Noting that on point and binding case law clearly defines the degree of culpability for CCC Section 2133.02(a) as the reasonably-prudent-person standard, and not recklessness, the question becomes whether the negligence standard developed by courts through case law is superseded by the legislative standard outlined in R.C. 2901.21 and 2901.22/CCC Sections 2301.21 and 2301.22. This court determines it is not.

{¶ 16} In *State v. Cichon* (1980), 61 Ohio St.2d 181, 15 O.O.3d 209, 399 N.E.2d 1259, the Supreme Court interpreted the "without due regard" language in Ohio Adm.Code 5537–2–04(D) [8] and in so doing discussed R.C. 4511.20, 4511.201, and 2901.22. The issue certified for review required the Supreme Court to "determine the requisite degree of culpability to sustain a conviction under Ohio Adm.Code 5537–2–04(D)." In addressing the issue, the Supreme Court began by noting that the issue was one of first impression; however, the phrase "without due regard" had previously been construed by the court as used in former R.C. 4511.20, which embodies essentially the same offense as Ohio Adm.Code 5537–2–

---

7. See Footnote 4, supra.

8. Ohio Adm.Code 5537–2–04(D) provided: "No person shall operate a motor vehicle on the turnpike without due regard for the safety and rights of others, so as to endanger the life, limb or property of any person."

04(D). To former R.C. 4511.20, the court had applied a doctrine of ordinary care requiring drivers to exercise reasonable prudence in the operation of vehicles. The Supreme Court rejected the appellant's argument that by implementing R.C. 2901.22 in 1974, the General Assembly altered the criminal code regarding the degree of culpability to convict under R.C. 4511.20, and thus existing judicial decisions were modified to require proof of recklessness as defined by R.C. 2901.22(C). The Supreme Court held:

> [A] perusal of Am. Sub. H.B. No. 511 [implementing R.C. 2901.22(C) ] demonstrates that the General Assembly failed to specifically revise the provisions of R.C. 4511.20 at a time when it would logically have done so. In our view, such legislative inaction in the face of longstanding judicial interpretations of that section evidences legislative intent to retain existing law. Id. referring to *Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board* (1976), 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393; *Harvest Queen Mill & Elevator Co. v. Sanders* (1962) 189 Kan. 536, 370 P.2d 419; *U.S. v. Elgin, J & E Ry. Co.* (1936), 298 U.S. 492, 56 S.Ct. 841, 80 L.Ed. 1300.

Therefore, the Supreme Court held that "the phrase 'without due regard' requires the driver * * * to exercise the same degree of care as would a reasonably prudent person under similar circumstances." Id.

{¶ 17} As noted above, since the Supreme Court's 1980 *Cichon* decision, the Ohio General Assembly has acted and expressed its intent to amend then existing law. In 1983, it amended former R.C. 4511.20 to delete the element of "without due regard" and to substitute the element of "in willful or wanton disregard." [9] The Columbus City Council, however, has not. "Without due regard" remains an element of CCC Section 2133.02(a). Therefore, this court is bound to apply the Supreme Court's reasoning in *Cichon* and accept that the city council's failure to amend CCC Section 2133.02(a) to delete "without due regard" as an element— now 35 years after it adopted CCC Sections 2301.21 and 2301.22 regarding criminal liability and degrees of culpability "evidences legislative intent to retain existing law," primarily the judicial interpretation of "without due regard" as requiring application of the reasonably-prudent-person standard.

{¶ 18} With this in mind, and considering that it appears no courts have applied negligence-per-se, substantial-negligence, or recklessness standards, the court will apply the reasonably-prudent-person standard to the "without due regard" element of CCC Section 2133.02(a).

## CONCLUSION

{¶ 19} Considering the evidence presented and the credibility of the witnesses, the court finds that the city of Columbus has failed to prove beyond a reasonable

---

9. See Footnote 1, supra.

doubt that the defendant did not act as a reasonably prudent person.  Defendant looked in his rearview mirror two or three times, waited for traffic to pass, and saw no additional oncoming traffic before merging into the right lane to get to the berm.  Therefore, the defendant is not guilty of violating CCC Section 2133.02(a).

So ordered.