THE STATE OF OHIO, APPELLEE, *v.* KLEVE, APPELLANT.

(No. C-810019—Decided November 4, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman* and *Mr. Gary R. Lewis,* for appellee.

*Mr. Karl Kleve, pro se,* and *Mr. Timothy A. Smith,* on oral argument.

_____

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant was charged with failure to comply with the lawful orders of the Fire Chief of the city of Cincinnati in violation of Section 1201.9 of the Cincinnati Municipal Code. Violation of this section of the Cincinnati Municipal Code is punishable by confinement for a maximum period of six months or a fine not exceeding $500 or both. After a trial by jury, the defendant was found guilty and was sentenced to be confined in the Community Corrections Institution for one hundred eighty days and was fined $1,000 and costs. A timely notice of appeal was filed.

Only a partial transcript of the proceedings has been filed in connection with this appeal. Any further recitation of facts will be given in the consideration of the five assignments of error. We will first consider the second and third assignments of error because our decision on those assignments is determinative of this appeal. In the second assignment defendant asserts that the trial court erred to his prejudice in forcing him to trial without assistance of counsel. The related third assignment asserts prejudicial error in sentencing the defendant to confinement after he had been convicted in a trial where he was unrepresented and had not waived counsel. We find these assignments to be well taken.

The offense with which defendant was charged and convicted constituted a petty offense. Crim R. 2. The criminal rules provide that the court may assign counsel to represent a defendant charged with a petty offense if such defendant is unable to obtain counsel. In addition the rule prohibits a sentence of confinement if such convicted defendant is without counsel, retained or assigned, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel. Crim. R. 44(B). Waiver of counsel must be

effected in open court and both the advice of the court and the waiver of defendant must be recorded as provided in Crim. R. 22 and the determination of whether a defendant is able or unable to obtain counsel shall be in a recorded proceeding in open court. Crim. R. 44(C) and (D).

The complaint and warrant in this matter are dated June 24, 1980. Apparently the initial appearance of the defendant, on this charge, was on July 11, 1980. On that date a Mr. Slocum[1] orally gave a summary of the "rights and obligations" of those accused persons who were present in court. The summary contained only the following statement relative to legal counsel, to wit: "You are entitled to the services of an attorney." This sentence is inserted in the body of a paragraph otherwise dealing with continuances. Later on when defendant's case was called it was continued at defendant's request to July 25, 1980. There was no advice by the court to defendant having to do with counsel.

On July 25, 1980 at the next appearance when defendant was asked for his plea, he responded by asking if he would be waiving counsel if he entered a plea and stating specifically that he did not want to waive counsel. As the result of further exchanges between defendant, prosecutor and court, a plea of not guilty was entered on the initiative of the court, the case referred for trial assignment and defendant instructed that if he wanted an attorney he should get one before the date of trial because the case would not be continued for lack of an attorney.[2]

The next call of the case was on July 31, 1980 at a pretrial hearing. The assigned judge made inquiry of defendant recalling that he had been involved in an earlier case which defendant was appealing. The judge asked if defendant wanted him to disqualify himself. This provoked a colloquy between the court and defendant in which defendant questioned his competence to respond to the judge's question and stated his entitlement to an attorney on criminal matters. The defendant further stated that he could not get an attorney and had not been able to for years and that he could not find out why.[3] The pretrial ended when the assigned judge announced that he would disqualify himself at the request of defendant and the matter would be referred to the assignment commissioner for reassignment to another judge.

The case was next on the calendar of another judge, after reassignment, for pretrial on August 12, 1980. Defendant was not in attendance personally or by counsel. A motion to amend the complaint was granted.

The next appearance as reflected by the record was on September 19, 1980 in the arraignment room for selection of a new trial date, defendant having posted a bond to assure his appearance. In addition a new charge had been filed against him and also a police hold for still another charge. These latter charges are not relevant in this appeal except as his arraignment on them indicates the consistent intent not to waive counsel.

The record further contains a partial

---

[1] Mr. Slocum is not otherwise identified in the transcript. It is assumed that he was authorized by the court to address those in the courtroom whose cases were to be called that morning.

[2] It is apparent from the transcripts of all the appearances available in this matter that defendant is not otherwise a stranger to the judicial system. He apparently has a nature or habits or style of life which bring him fre-

quently to the attention of law enforcement authorities and the courts. The natural effect on defendant and all persons involved is one of frustration.

[3] On oral argument before this court by counsel for appellant the statement was made that members of the Bar were reluctant to accept representation of defendant because of his penchant for bringing actions against his erstwhile counselors.

transcript of the proceedings on October 21, 1980 during defendant's examination, *pro se,* on *voir dire* of the veniremen.

The final portion of the transcript reflects the sentencing on December 17, 1980. It was at that hearing that defendant raised the constitutional question of the impropriety of a sentence to confinement as a result of a trial without assistance of counsel or a waiver thereof.

It is beyond any doubt that defendant was not represented by an attorney. In cases involving charges of serious offenses the court must assign counsel if defendant is unable to obtain counsel. Crim. R. 44(A). Of course a defendant may waive his right to counsel. In charges of petty offenses the criminal rule relative to assignment of counsel seems to give the court the right but not the duty to assign counsel. Crim. R. 44(B). The caveat is set forth, however, that without counsel assigned or a waiver of counsel the unrepresented petty offender may not be sentenced to a period of confinement. This rule, part of the original promulgation of the criminal rules, became effective July 1, 1973. Crim. R. 59(A). In 1975 the Supreme Court of Ohio recognized the duty of the trial court in a criminal case to inquire fully into the circumstances of an accused's claim of inability to obtain counsel and the resultant need for assistance in employing counsel or in having the court assign counsel. *State* v. *Tymcio* (1975), 42 Ohio St. 2d 39 [71 O.O.2d 22]. In its reasoning the Supreme Court made no distinction between indigents and non-indigents, basing the holding on the inability of defendant to obtain legal counsel for whatever reason, financial or otherwise. Similarly, the Supreme Court made no distinction between serious and petty offenses.

The record does not contain any actual written waiver of the right to counsel although there are references in the transcript to some form of written waiver. However, only in serious offenses is the waiver required to be in writing but in any event both in serious offenses and petty offenses the waiver and the advice preceding the waiver must be recorded. Crim. R. 44(C). The record fails to show a knowing, intelligent and voluntary waiver of counsel. *State* v. *Roseman* (Oct. 7, 1981), Hamilton App. No. C-800957, unreported. On the contrary, the record reveals the repeated assertions of the defendant that he lacked the legal ability to represent himself in criminal matters, that he wanted an attorney and that he could not obtain representation. To proceed under such circumstances was error. We have no doubt that defendant's conduct confronted the trial court with serious constitutional problems. The bona fide efforts to resolve those problems through procedures designed to preserve the rights of all defendants and which are effective in the vast majority of cases were, in this particular case, ineffective.[4] The second and third assignments of error are well taken.

The first assignment of error is based upon the refusal of the trial court to declare a mistrial after mentioning to the defendant, during his *voir dire* examination of the veniremen and in their presence, that he, defendant, had been in

---

[4] We appreciate the magnitude of the problem confronting the municipal court with ever increasing case loads, the time limits on bringing an accused to trial and the increasing number of attorneys who eschew the defense of those accused of criminal activity. Nevertheless form must always yield to substance. If the form does not preserve the constitutional rights of one defendant then the form must be changed. As an example only, an interim appearance could be established in a case such as the one *sub judice*. At that interim appearance either defense counsel obtained by defendant would enter his appearance or the court would assign counsel. Obviously, to be meaningful this interim appearance should be sufficiently in advance of trial date to enable assigned counsel to prepare.

court many times before. Although this was an unfortunate remark to have been made and is perhaps capable of being characterized as error it does not rise to the status of prejudicial error on the transcript available to this court. The first assignment is overruled.

The fourth assignment of error that the court imposed a sentence in excess of that provided by the state in R.C. 3737.01 is without merit. The cited section of the Revised Code contains no penalties but only definitions. In any event, defendant was not charged under the state code but under the municipal code. The prosecution admits the fine was in excess of the maximum fine provided by ordinance and to that extent was erroneous.

The fifth assignment of error is overruled as not having been preserved in the proceedings below.

All assignments of error having been ruled upon, it is the decision of this court that the judgment of the trial court be reversed and the case remanded for further proceedings.

*Judgment reversed and case remanded.*

BLACK, P.J., KEEFE and KLUSMEIER, JJ., concur.