OPINION
{¶ 1} Larry N. Morgan appeals from his conviction and sentence in the Municipal Court of Clark County, Ohio. Morgan was charged by complaint with failure to yield the right of way from a stop sign, in violation of Section 331.19A of the Springfield City Ordinances. Proceeding pro se, Morgan pled not guilty to the charge and subsequently appeared before the court for a bench trial. The court found the appellant guilty and *Page 2 
sentenced him to a $100.00 fine plus costs.
 {¶ 2} Morgan has timely appealed to this Court from his conviction and sentence. On appeal, he advances seven assignments of error. First, he contends that the trial court erred by not advising him of the dangers of self-representation. Second, he argues that the court erred in overruling his motion to dismiss because the traffic citation incorrectly described the street upon which the appellant was traveling at the time of the accident. Third, Morgan similarly asserts that the court erred in finding him guilty of the traffic complaint, where the citation provides that he was traveling on Johnny Lytle Avenue and not South Yellow Springs Street, the location of the accident. Fourth, he claims the trial court erred and abused its discretion by finding there were no traffic control devices in either direction on South Yellow Springs Street. Fifth, he contends that the court erred in failing to find conclusions of facts and law. Sixth, the appellant argues that the court erred in allowing the prosecutor to introduce evidence at the trial and in refusing to grant the appellant's motion for a continuance. Seventh, Morgan asserts that he was denied due process of law when the trial court failed to issue a final judgment entry.
 {¶ 3} Upon review, we find that each of Morgan's assignments of error lacks merit. Accordingly, the judgment of the trial court will be affirmed.
 I. {¶ 4} Under his first assignment of error, Morgan contends that the trial court erred in not advising him of the dangers of proceeding pro se.
 {¶ 5} This Court adheres to the principle that the "[t]he constitutionally protected right to the assistance of counsel is absolute. `* * * [A]bsent a knowing and intelligent *Page 3 
waiver, no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial.'" State v. Tymcio (1975),42 Ohio St.2d 39, 43, 71 O.O.2d 22, 325 N.E.2d 556, quoting Argersinger v.Hamlin (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530. See, also, State v. Delong (May 4, 2001), Greene App. No. 2000 CA 102,2001 WL 470054, at *1.
 {¶ 6} The record in the matter at issue clearly shows that Morgan was not represented by counsel at his trial. In cases involving charges of petty offenses, such as the one here, Crim. R. 44(B) permits the trial court to assign counsel at its discretion. See State v. Kleve (1981),2 Ohio App.3d 407, 409, 2 OBR 482, 442 N.E.2d 483. However, Crim. R. 44(B) goes on to provide that the unrepresented petty offender may not be sentenced to a period of imprisonment unless he or she has been assigned counsel or has knowingly, intelligently, and voluntarily waived the assignment of counsel.
 {¶ 7} At the core of Crim. R. 44(B) is the offender's inability to obtain counsel. In Tymcio, the Supreme Court of Ohio held that the trial court in a criminal case must inquire fully into the circumstances surrounding an accused's inability to obtain counsel and, consequently, the accused's need for assistance in employing counsel or for receiving court-appointed counsel. 42 Ohio St.2d at paragraph three of the syllabus. "In its reasoning the Supreme Court made no distinction between indigents and non-indigents, basing the holding on the inability of defendant to obtain legal counsel for whatever reason, financial or otherwise. Similarly, the Supreme Court made no distinction between serious and petty offenses." Kleve, 2 Ohio App.3d at 409.
 {¶ 8} The record below does not reveal that the trial court conducted a full inquiry into whether Morgan was unable to obtain counsel, nor does it show that Morgan *Page 4 
knowingly, intelligently, and voluntarily waived his right to counsel. At trial, the following dialogue is the only example of the trial court's questioning Morgan about his waiver of the assistance of counsel:
 {¶ 9} "THE COURT: All right. Mr. Morgan, you're here by yourself today. Are you going to be representing yourself in this case?
 {¶ 10} "Mr. Morgan: Yes." (Tr. at 4).
 {¶ 11} In our view, the trial court's inquiry was insufficient insofar as its purpose was to obtain a knowing, intelligent and voluntary waiver from Morgan of his right to the assistance of counsel. Despite this view, we do not find it necessary to reverse Morgan's conviction. Because the right to the assistance of counsel in a petty offense is discretionary under the Criminal Rules, the fact that the trial court failed to obtain a valid waiver under Crim. R. 44(C) does not mean that the judgment itself must be vacated. "Where * * * the offense is a petty offense, there is nothing fatally defective with the judgment in general, but only with the `sentence of confinement.'" State v.Donahoe (Mar. 21, 1991), Greene App. No. 90 CA 55, 1991 WL 38899;State v. Delong (May 4, 2001), Greene App. No. 2000 CA 102,2001 WL 470054. As there was no imposition of confinement included in Morgan's sentence, the conviction and sentence of a $100.00 fine must be upheld. Thus, Morgan's first assignment of error is overruled.
 II. {¶ 12} In order to facilitate the disposition of this appeal, we will address Morgan's second and third assignments of error together. Under both assignments of error, Morgan argues that the traffic complaint upon which he was convicted should be dismissed because it incorrectly indicates the street on which the appellant was traveling *Page 5 
at the time of the accident. He further asserts that dismissal is warranted because the officer who issued the citation failed to provide his badge number, the court code and the district name on the ticket itself.
 {¶ 13} In support of his arguments, Morgan cites Norwalk v.Hoffman (1989), 64 Ohio App.3d 34, 580 N.E.2d 511. There, the Sixth District Court of Appeals held that the complaint, an Ohio Uniform Traffic Ticket, failed to specify the facts giving rise to the appellant's violation. Id. at 36. Instead, the issuing officer merely placed a check mark next to the words "Operated Without Regard to Safety," and in the area designated "Description of the Offense," he wrote "Wilful Reckless Operation." Id. According to the court, the citation was not sufficient to comply with Crim. R. 3, which provides:
 {¶ 14} "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
 {¶ 15} In the instant matter, we do not find the complaint, also an Ohio Uniform Traffic Ticket, to be insufficient. First, the citation adequately contained a written statement of the facts constituting the charge — Appellant Larry Morgan failed to yield at a stop sign at the intersection of Johnny Lytle Avenue and South Yellow Springs Street in Springfield, Ohio, in violation of Springfield City Ordinance § 331.19A. The citation also contained facts regarding the year and make of Morgan's car, along with categories describing the driving conditions at the time of the accident, i.e., pavement, visibility, weather, traffic, area, and crash. Morgan's argument that the traffic ticket should be dismissed because it erroneously states he was traveling on Johnny Lytle, whereas the *Page 6 
accident took place on South Yellow Springs, is misconstrued.
 {¶ 16} Next, we find the contention that the citation is insufficient because the issuing officer did not include his badge number or mark the court code and district number to also be without merit. In conjunction with Crim. R. 3, Traf. R. 3(E) sets forth the duty of a law enforcement officer issuing a Uniform Traffic Ticket. This rule provides that "[a] law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket on the defendant, and, without unnecessary delay, file the court copy with the court."
 {¶ 17} Here, the officer satisfactorily complied with Traf. R. 3. The ticket was completed and signed by Officer John Keys, whose name appeared above the words "ISSUE CHARGING LAW ENFORCEMENT OFFICER." Officers Keys also indicated his unit number for further identification purposes. Additionally, the citation was timely filed with the trial court on March 27, 2007, as evidenced by the time stamp located on the front cover of the complaint. As Morgan makes no claim that he was not served a copy of the ticket, we find that Officer Keys fulfilled his duty under Traf. R. 3.
 {¶ 18} Accordingly, the trial court did not err in overruling Morgan's motion to dismiss and finding him guilty pursuant to the facts alleged in the traffic complaint. Appellant's second and third assignments of error are overruled.
 III. {¶ 19} In his fourth assignment of error, Morgan contends that the trial court erred in ruling there were no traffic control devices on South Yellow Springs Street. Specifically, he asserts that there were two crosswalks at the intersection of Johnny Lytle Avenue and South Yellow Springs Street, and that the second driver in this matter, *Page 7 
Chris Adams, had a mandatory duty to stop because there were children in said crosswalks.
 {¶ 20} R.C. 4511.01(QQ) defines "traffic control devices" as "all flaggers, signs, signals, markings, and devices placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic, including signs denoting names of streets and highways." By statutory definition, then, we agree with Morgan that painted crosswalks are traffic control devices.
 {¶ 21} Here, the trial court made the following findings of fact from the testimony presented at the bench trial on May 8, 2007:
 {¶ 22} "I find that there was a stop sign governing the procedure of traffic east and westbound on Johnny Lytle Avenue and there was no traffic control device controlling the traffic in either direction on South Yellow Springs." (Tr. at 71.)
 {¶ 23} Although the trial court was inaccurate in stating that no traffic control device was located on South Yellow Springs Street, we find this misstatement harmless in the context of the trial court's findings. It appears that the trial court was referring to stop signs or signals in this instance. However, the court did acknowledge that crosswalks existed at the subject intersection, and, more importantly, that the evidence did not demonstrate there were children in the crosswalks at the time of the accident:
 {¶ 24} "Mr. Morgan, I do not find either that there were children in a crosswalk or that someone waved you on, but even if the evidence supported such a finding, Mr. Morgan, it does not relieve you of your obligation to yield the right of way as set forth in Springfield City Ordinance 331.19(a)." (Id.)
 {¶ 25} It is well-established that the credibility of the witnesses and the weight to *Page 8 
be given to their testimony are matters for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212. Therefore, this Court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. Lauricella v. Lawson, Montgomery App. No. 22196,2008-Ohio-612, at ¶ 18.
 {¶ 26} In this case, we believe that the trial court's findings of fact were supported by competent, credible evidence in the form of testimony from Chris Adams, the second driver; Officer John Keys, the issue charging officer; and Deputy Eugene Yates, who observed the accident scene. Thus, we do not find that the trial court prejudiced Morgan by stating there were no traffic control devices on South Yellow Springs Street. Morgan's fourth assignment of error is overruled.
 IV. {¶ 27} Morgan argues in his fifth assignment of error that the trial court erred when it denied his motion for conclusions of fact and law.
 {¶ 28} The record reveals that Morgan filed his motion on April 10, 2007. A magistrate issued his decision two days later, in which he denied Appellant's motion on the basis that no factual determinations were involved in ruling upon the motions before the trial court at that time. See Traf. R. 11(E). Such motions included (1) an order for deposition of the arresting officer; (2) a request for discovery; (3) the subject motion for conclusions of fact and law; and (4) a motion to record the proceedings.
 {¶ 29} We agree with the trial court. Traf. R. 11(E) provides in part that "[w]here factual issues are involved in determining a motion, the court shall state its essential *Page 9 
findings on the record." (Emphasis added.) Here, Morgan's motion for conclusions of law and fact was premature, as it was unnecessary for the court to consider the facts of the case in ruling on the other three motions filed on the same date. See, e.g., Cleveland v. Winchell (1981),3 Ohio App.3d 186, 189, 3 OBR 212, 444 N.E.2d 465.
 {¶ 30} Under the same assignment of error, Morgan further asserts that his complaint should be dismissed because the trial court failed to rule on the aforementioned magistrate's decision.
 {¶ 31} Our review of the record indicates that Morgan filed timely objections to the magistrate's decision on April 20, 2007. The trial court, however, never ruled on these objections in accordance with Crim. R. 19(D)(4)(d). Nor does the record show that the trial court made any ruling on the magistrate's decision before the case proceeded to trial and Morgan was found guilty of the offense charged.
 {¶ 32} Crim. R. 19(D)(4)(a) states that "[a] magistrate's decision is not effective unless adopted by the court." Because the trial court did not adopt the magistrate's findings and recommendations, such findings and recommendations were not final but were pending at the time of the trial. See State v. Romandetti, Summit App. No. 23388, 2007-Ohio-363, at ¶ 6. This Court has held on a number of occasions that when a trial court disposes of a case, motions that have not been ruled upon are presumed to have been denied. See Shepard Grain Co. v. Creager,160 Ohio App.3d 377, 2005-Ohio-1717, 827 N.E.2d 392, at ¶ 22. Consequently, we must assume that the motions included in the magistrate's decision and from which Morgan is presently appealing have been denied.
 {¶ 33} Thus, we find that the denial of Morgan's motion for conclusions of law and *Page 10 
fact was warranted. Accordingly, we overrule the fifth assignment of error.
 V. {¶ 34} Under the sixth assignment of error, Morgan claims that the trial court improperly allowed the prosecutor to introduce evidence into the trial, even though the prosecutor did not file a disclosure of evidence or list of witnesses. He additionally argues that the trial court should have granted his request for a continuance on the same grounds.
 {¶ 35} Crim. R. 16(B)(1) provides for the disclosure of evidence by the prosecuting attorney. In part, Crim. R. 16(B)(1) states:
 {¶ 36} "(e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *"
 {¶ 37} Furthermore, Crim. R. 16(E) governs the regulation of discovery. This rule provides in part:
 {¶ 38} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." *Page 11 
 {¶ 39} "Crim. R. 16(E)(3) provides for the regulation of discovery in a criminal case and permits a trial court to exercise discretion in determining the appropriate sanction for a discovery violation."State v. Scudder (1994), 71 Ohio St.3d 263, 268, 643 N.E.2d 524. When a prosecutor violates Crim. R. 16 by failing to provide the name of a witness, a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefitted the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced. State v. Heinish (1990),50 Ohio St.3d 231, 553 N.E.2d 1026, syllabus.
 {¶ 40} Here, the trial court did not abuse its discretion in allowing the City to present the testimony of two witnesses, Chris Adams and Officer John Keys, although the prosecutor failed to furnish Morgan with a written list of these individuals' names and addresses. Our review of the record does not disclose evidence that the prosecutor willfully violated Crim. R. 16(B) or that Morgan was unfairly prejudiced by the prosecutor's conduct. Also, this Court is not convinced that foreknowledge of the State's intent to call these witnesses would have caused Morgan to develop a different trial strategy, where it was clearly reasonable for him to expect the officer who issued his citation and the only other driver involved in the accident to be called to testify.
 {¶ 41} Morever, we are not persuaded that the City failed to disclose any documentary evidence. At the motion hearing on April 12, 2007, the trial court informed Morgan that he was entitled under Crim. R. 16(B) to a copy of the case from the police report and/or from the clerk's file. Included were copies of the accident report and the citation. At that time, the prosecutor noted that the government had no additional *Page 12 
information pertaining to the case. Thereafter, at trial, the prosecutor did not attempt to enter any documentary evidence into the record. Morgan, however, presented the traffic report and citation, which were admitted. Based on these facts, we do not find that the prosecutor failed to comply with the discovery requirements of Crim. R. 16(B).
 {¶ 42} Having found no abuse of discretion by the trial court, Morgan's sixth assignment of error is overruled.
 VI. {¶ 43} In his seventh and final assignment of error, Morgan asserts that he was denied due process of law when the trial court failed to enter an entry for appeal. However, we believe the Ohio Uniform Traffic Ticket that charges Morgan with a violation of Springfield City Ordinance § 331.91A satisfies the requirements of an entry of judgment. Therefore, we find no merit to the appellant's argument.
 {¶ 44} Crim. R. 32(C) provides what must be included for an entry of judgment to be effective:
 {¶ 45} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the record. A judgment is effective only when entered on the journal by the clerk."
 {¶ 46} Implicit in Crim. R. 32(C) is the principle that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." State ex rel. Hanley v. Roberts
(1985), 17 Ohio St.3d 1, 4, 17 OBR 1, 476 N.E.2d 1019. The Supreme Court of Ohio has further stated that "[a] document not labeled a judgment norunequivocally intended to be a judgment does not constitute a *Page 13 
judgment triggering the time within which to file a notice of appeal." (Emphasis added.) State v. Tripodo (1977), 50 Ohio St.2d 124, 126,4 O.O.3d 280, 363 N.E.2d 719.
 {¶ 47} The citation in the instant matter constitutes a Multi-Count Uniform Traffic Ticket, as described in Traf. R. 3. The first sheet of the ticket is the court record. The face of the court record includes the original complaint and provides information about the defendant, the accident, and the offense. The reverse side is entitled Court Actions, Orders, and Entries. These sections enable the court to record pleas, findings and sentencing; in all, a court may dispose of up to six charges on one form. In the matter at hand, the court record shows the following information: (1) Morgan was found guilty upon trial by the court; (2) he was fined $100.00 plus costs; (3) his sentence was stayed for 30 days to file an appeal; (4) the trial judge signed the "entry"; and (5) a time stamp was located under the heading "Court Action, Orders, Entries," indicating that the "entry" had been filed with the clerk on May 22, 2007. The only procedural deficiency we find is that the Transcript of Docket and Journal Entries fails to include a notation of this final judgment entry. However, in the interest of fairness and justice, we are compelled to permit this matter to proceed with the record filed on appeal. See Cobb v. Cobb (1980), 62 Ohio St.2d 124, 127,16 O.O.3d 145, 403 N.E.2d 991; App. R. 9(E). Thus, we find that the trial court intended to and properly entered an entry of judgment from which Morgan has appealed. Appellant's seventh assignment of error is overruled.
 {¶ 48} Having overruled each of Morgan's assignments of error, the judgment of the trial court is affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1