OPINION
{¶ 1} Jared Hill was convicted of petty theft, a first degree misdemeanor, after a bench trial in the Municipal Court of Champaign County. The trial court sentenced him to 180 days in jail, with 177 days suspended on the conditions that he complete 40 hours of community service, pay restitution, and have no similar convictions for three years. Hill was also ordered to *Page 2 
pay a $150 fine and court costs. Hill appeals from his conviction, alleging that his conviction was based on insufficient evidence and that he did not knowingly and intelligently waive his right to counsel. For the following reasons, the judgment will be affirmed as modified.
 I {¶ 2} The state's evidence at trial established the following facts.
 {¶ 3} At approximately 1:00 p.m. on December 21, 2007, Tammy Leiker and Beverly Chrisman, two employees of the Registrar's Office at Urbana University, returned together in Leiker's vehicle after having lunch. While they were driving along a curve in the road around North Hall, the women noticed a white Cadillac stopped in the road. They saw two individuals seated in the vehicle and a third man in a brown canvas coat carrying a television out of the back entrance to North Hall, which contains the Registrar's Office, Education offices, and classrooms. The man carried the television to the Cadillac, and he placed it in the rear passenger area. Both women noted the license plate number on the Cadillac, and they contacted campus security.
 {¶ 4} Larry Gleeson, campus safety coordinator for Urbana University, responded to the call. Gleeson immediately contacted the Urbana police and gave the police the license number, and he "maintained a watch on the Cadillac" until the police arrived. While the Cadillac was still at the university, Gleeson observed Eric McCorkle get out of the vehicle. McCorkle and another individual from the vehicle, Jeremy Hill, Hill's brother, went to the Registrar's Office so that McCorkle could withdraw from the university. As Gleeson then approached the Cadillac, the vehicle drove off.
 {¶ 5} Officers Todd Burkett and Carl Bader of the Urbana police department responded *Page 3 
to the campus. At the time, Gleeson had detained McCorkle and Jeremy Hill by the campus library. Burkett placed Jeremy Hill in the rear of his cruiser, and Bader placed McCorkle in the rear of his. Upon questioning, Jeremy and McCorkle both indicated that Jared Hill had driven his father's Cadillac from Columbus and taken them to Urbana University so that McCorkle could withdraw from the school. The officers confirmed through OHLEG (Ohio Law Enforcement Gateway) that the Cadillac was registered to Travis Hill, Jeremy and Jared's father. Both denied knowledge of a television set. Leiker and Chrisman were asked if they could identify McCorkle and Jeremy as being with the Cadillac; neither woman could identify them. The officers attempted to contact Jared Hill on his cell phone, but he did not answer.
 {¶ 6} Officer Burkett concluded that Hill had left Urbana University with the television in the Cadillac. Hill was subsequently charged with theft, in violation of R.C. 2913.02(A)(1). Hill executed a written waiver of counsel and represented himself at trial. During the trial, Hill called McCorkle as a witness, and he testified on his own behalf. At the conclusion of trial, the court found him guilty of the theft, and it sentenced him accordingly.
 {¶ 7} Hill appeals from his conviction, raising two assignments of error.
 II {¶ 8} Hill's first assignment of error states:
 {¶ 9} "THE CONVICTION SHOULD BE REVERSED BECAUSE THE EVIDENCE TO SUPPORT THE CONVICTION WAS INSUFFICIENT AS A MATTER OF LAW."
 {¶ 10} When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Dennis, 79 *Page 4 
Ohio St.3d 421, 430, 1997-Ohio-372, 683 N.E.2d 1096, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d. 560. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 11} On appeal, Hill claims that the state's circumstantial evidence was insufficient to establish that he was the individual who took the television set or that a television set was missing from North Hall. We disagree.
 {¶ 12} The state's evidence established that a television set was taken from North Hall through a little-used back entrance and that the television was placed into a white Cadillac registered to Hill's father. Police officers were able to identify the Cadillac based on the license plate information provided by Leiker and Chrisman. Leiker's and Chrisman's testimony established that two individuals were in the vehicle when a third man carried the television to the car. McCorkle and Jeremy acknowledged to the police officers that Hill had driven them to the campus in the Cadillac. Based on the state's evidence, it was reasonable for the trial court to infer that Hill had driven away from the university with the television in the car.
 {¶ 13} Hill cites to three cases from other Ohio appellate districts to support his assertion that the State failed to present sufficient evidence linking him to the theft: State v. Huntsman (Apr. 14, 1997), Belmont App. No. 95-BA-49; State v. O'Neil (1995), 107 Ohio App.3d 557,669 N.E.2d 95; and Bedford Heights v. Tallarico (1971),25 Ohio St.2d 211, 267 N.E.2d 802. We do not find these cases to be analogous.
 {¶ 14} We also find sufficient evidence that the television was taken "without the consent of the owner." Leiker testified that North Hall contained the Registrar's Office, Education offices, and classrooms. The court could reasonably infer that North Hall contained *Page 5 
property of Urbana University, not students' personal property. Leiker and Chrisman testified that they had observed a man carrying a television from the back entrance of North Hall to a white Cadillac. In addition, the State presented photographs taken by Officer Burkett of a television cart — without a television — that was left just inside the back entrance. Based on this evidence, we find sufficient evidence that a television belonging to Urbana University was taken from North Hall without permission.
 {¶ 15} The first assignment of error is overruled.
 III {¶ 16} Hill's second assignment of error states:
 {¶ 17} "THE TRIAL COURT DENIED APPELLANT THE SIXTH AMENDMENT RIGHT TO COUNSEL BECAUSE THE RECORD FAILS TO DEMONSTRATE THAT APPELLANT KNOWINGLY AND INTELLIGENTLY WAIVED THE RIGHT TO COUNSEL."
 {¶ 18} In his second assignment of error, Hill claims that the record fails to demonstrate that he made a valid waiver of his Sixth Amendment right to counsel. He argues that the trial court did not engage in any colloquy with him, and his written waiver is insufficient to demonstrate that his waiver was knowing, intelligent, and voluntary.
 {¶ 19} In Springfield v. Morgan, Clark App. No. 07-CA-61,2008-Ohio-2084, we recently discussed whether a misdemeanor defendant had knowingly and intelligently waived his right to counsel. We stated:
 {¶ 20} "This Court adheres to the principle that the `[t]he constitutionally protected right to the assistance of counsel is absolute. "* * * [A]bsent a knowing and intelligent waiver, no *Page 6 
person may be imprisoned for any offense * * * unless he was represented by counsel at his trial."' State v. Tymcio (1975), 42 Ohio St.2d 39, 43,71 O.O.2d 22, 325 N.E.2d 556, quoting Argersinger v. Hamlin (1972),407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530. See, also, State v.Delong (May 4, 2001), Greene App. No. 2000 CA 102, 2001 WL 470054, at *1.
 {¶ 21} "The record in the matter at issue clearly shows that Morgan was not represented by counsel at his trial. In cases involving charges of petty offenses, such as the one here, Crim. R. 44(B) permits the trial court to assign counsel at its discretion. See State v. Kleve (1981),2 Ohio App.3d 407, 409, 2 OBR 482, 442 N.E.2d 483. However, Crim. R. 44(B) goes on to provide that the unrepresented petty offender may not be sentenced to a period of imprisonment unless he or she has been assigned counsel or has knowingly, intelligently, and voluntarily waived the assignment of counsel.
 {¶ 22} "At the core of Crim. R. 44(B) is the offender's inability to obtain counsel. In Tymcio, the Supreme Court of Ohio held that the trial court in a criminal case must inquire fully into the circumstances surrounding an accused's inability to obtain counsel and, consequently, the accused's need for assistance in employing counsel or for receiving court-appointed counsel. 42 Ohio St.2d at paragraph three of the syllabus. `In its reasoning the Supreme Court made no distinction between indigents and non-indigents, basing the holding on the inability of defendant to obtain legal counsel for whatever reason, financial or otherwise. Similarly, the Supreme Court made no distinction between serious and petty offenses.' Kleve, 2 Ohio App.3d at 409,442 N.E.2d 483.
 {¶ 23} "The record below does not reveal that the trial court conducted a full inquiry into whether Morgan was unable to obtain counsel, nor does it show that Morgan knowingly, *Page 7 
intelligently, and voluntarily waived his right to counsel. At trial, the following dialogue is the only example of the trial court's questioning Morgan about his waiver of the assistance of counsel:
 {¶ 24} "THE COURT: All right. Mr. Morgan, you're here by yourself today. Are you going to be representing yourself in this case?
 {¶ 25} "Mr. Morgan: Yes. (Tr. at 4).
 {¶ 26} "In our view, the trial court's inquiry was insufficient insofar as its purpose was to obtain a knowing, intelligent and voluntary waiver from Morgan of his right to the assistance of counsel. Despite this view, we do not find it necessary to reverse Morgan's conviction. Because the right to the assistance of counsel in a petty offense is discretionary under the Criminal Rules, the fact that the trial court failed to obtain a valid waiver under Crim. R. 44(C) does not mean that the judgment itself must be vacated. `Where * * * the offense is a petty offense, there is nothing fatally defective with the judgment in general, but only with the "sentence of confinement."' State v.Donahoe (Mar. 21, 1991), Greene App. No. 90 CA 55, 1991 WL 38899;State v. Delong (May 4, 2001), Greene App. No. 2000 CA 102,2001 WL 470054. As there was no imposition of confinement included in Morgan's sentence, the conviction and sentence of a $100.00 fine must be upheld. Thus, Morgan's first assignment of error is overruled." Morgan
at ¶ 5-11.
 {¶ 27} As in Morgan, the record in this case does not demonstrate that the trial court conducted any inquiry into whether Hill was unable to obtain counsel, nor does it show that Hill knowingly and intelligently waived his right to counsel. The sole evidence in this respect is a signed waiver of counsel and the following exchange between the court and Hill: *Page 8 
 {¶ 28} "THE COURT: And you've signed your waiver of attorney?
 {¶ 29} "HILL: Um-hum."
 {¶ 30} Based on the record, the trial court failed to obtain a knowing, intelligent, and voluntary waiver of Hill's right to counsel.
 {¶ 31} We nevertheless conclude, as we did in Morgan, that the trial court's failure to obtain a valid waiver of counsel does not warrant reversal of Hill's conviction. However, because of the invalid waiver of counsel, the trial court was not permitted to impose a sentence of incarceration. Consequently, the trial court's sentence of 180 days in jail — and all of the conditions upon which 177 days of that sentence were suspended — must be vacated. Accordingly, Hill's sentence will be modified to reflect only the remaining portions of his sentence, i.e., the $150 fine and court costs.
 {¶ 32} The second assignment of error is overruled in part and sustained in part.
 {¶ 33} The judgment of the trial court will be affirmed, as modified.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Cathy J. Weithman Jon Paul Rion Hon. Susan J. Fornof-Lippencott *Page 1