[Cite as *State v. Black*, 2012-Ohio-110.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                 :        C.A. CASE NO.   2011 CA 6

v.                                         :        T.C. NO.   10CRB1350

JOSEPH S. BLACK                            :     (Criminal appeal from
                                    Municipal Court)
    Defendant-Appellant                :

                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____13th_____ day of ____January____, 2012.

. . . . . . . . . .

CATHY J. WEITHMAN, Atty. Reg. No. 0020889, Assistant City Prosecutor, 201 West Court Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JEREMIAH J. DENSLOW, Atty. Reg. No. 0074784, First National Plaza, 130 W. Second Street, Suite 1600, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joseph S. Black appeals the trial court's revocation of his "pretrial probation" in Case No. 2010 CRB 1350. Black filed a timely notice of appeal with this Court on January 31, 2011.

I

{¶ 2}   On December 7, 2010, Black pled guilty to one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.   As a result, the trial court placed Black on "pretrial probation," a diversionary style program utilized by the Champaign County Municipal Court.   The conditions of Black's "pretrial probation" were as follows:

{¶ 3}   1) Black was ordered to not have any contact with the victim for thirty days; and 2) Black was ordered to attend anger management counseling and follow any recommendations arising therefrom.

{¶ 4}   On December 26, 2010, Officer Collins of the St. Paris Police Department observed Black drive by the apartment complex in which the victim allegedly lived.   Officer Collins initiated a traffic stop of Black in order to question him regarding his presence near the victim's residence.   Ultimately, Officer Collins cited Black for violation of a protection order but did not arrest him.   As a result, on December 28, 2010, Black was charged by complaint with one count of violation of a protection order in Case No. 2010 CRB 1450 in Champaign County Municipal Court.

{¶ 5}   Black appeared before the trial court on January 4, 2011, without counsel.   On that date, the trial court revoked Black's "pretrial probation" in Case No. 2010 CRB 1350 and sentenced him to 180 days in jail.   The trial court ordered him to pay a fine of $150.00 as well.   The trial court reasoned that Black had violated the "no contact" term of his "pretrial probation" in Case No. 2010 CRB 1350 when he drove by the victim's residence.   We note that no evidence was adduced

at the revocation hearing which established that Black observed or had any contact with the victim on December 26, 2010. In fact, the minimal evidence adduced supported a finding that the victim was not present when Black drove by her residence. Black pled not guilty to the count for violation of a protection order in Case No. 2010 CRB 1450, and the court set the trial date on that charge for January 10, 2011.

{¶ 6} Black was subsequently brought before the court on January 18, 2011, at which time the count for violation of a protection order was dismissed without a hearing in Case No. 2010 CRB 1450. Additionally, after serving approximately fourteen days of his 180-day sentence, Black was released from jail, but placed on a five year probationary term.

{¶ 7} In the instant appeal, Black argues that the trial court erred when it revoked his "pretrial probation" in Case No. 2010 CRB 1350. Accordingly, the actions taken by the trial court in Case No. 2010 CRB 1450 regarding the dismissed count for violation of a protection order are not at issue in this appeal.

II

{¶ 8} Black's first assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT THE RIGHT TO COUNSEL AT THE SENTENCING HEARING, WITHOUT A KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HIS RIGHT TO COUNSEL."

{¶ 10} In his first assignment, Black contends that the trial court erred when it failed to advise him of his right to counsel before it sentenced him on January 4,

2011, in Case No. 2010 CRB 1350 for violating the terms of his "pretrial probation."

**{¶ 11}** In *State v. Byrd,* Montgomery App. No. 23154, 2010-Ohio-491, we addressed the failure of the trial court to advise a defendant of his right to counsel before being sentenced at a revocation hearing, wherein we stated the following:

**{¶ 12}** "Pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to assistance of counsel for her defense. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 779; *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶22.

**{¶ 13}** "The right to counsel applies in misdemeanor cases, including cases involving petty offenses, that result in imprisonment. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383; *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, ¶17, citing *State v. Caynor* (2001), 142 Ohio App.3d 424. The rule extends to cases involving a suspended sentence, capable of subsequent revocation, resulting in incarceration. *Alabama v. Shelton* (2002), 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888; *State v. Davis*, Montgomery App. No. 23248, 2009-Ohio-4786, ¶32.

**{¶ 14}** "Crim.R. 2(D) defines a 'petty offense' as 'a misdemeanor other than a serious offense.' Under Crim.R. 2(C), a 'serious offense' is 'any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.' Where, as here, a defendant is charged with a 'petty offense,' Crim.R. 44(B) governs the appointment of counsel. That Rule provides:

{¶ 15} "'Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.' Crim.R. 44(B).

{¶ 16} "Under Crim.R. 44(B), the prohibition against confining a defendant who lacks counsel and has not validly waived his or her right to counsel applies regardless of whether the defendant is indigent. See *State v. Albert*, Montgomery App. No. 23148, 2010-Ohio-110, ¶9; *State v. Hill*, Champaign App. No. 2008 CA 9, 2008-Ohio-6040, ¶22. 'At the core of Crim.R. 44(B) is the offender's inability to obtain counsel. In *[State v.] Tymcio* [(1975)], [42 Ohio St.2d 39,] the Supreme Court of Ohio held that the trial court in a criminal case must inquire fully into the circumstances surrounding an accused's inability to obtain counsel and, consequently, the accused's need for assistance in employing counsel or for receiving court-appointed counsel. [*Tymcio*,] 42 Ohio St.2d at paragraph three of the syllabus. "In its reasoning the Supreme Court made no distinction between indigents and non-indigents, basing the holding on the inability of defendant to obtain legal counsel for whatever reason, financial or otherwise. Similarly, the Supreme Court made no distinction between serious and petty offenses." *[State v.] Kleve*, 2 Ohio App.3d [407,] 409, 442 N.E.2d 483.' *Springfield v. Morgan*, Clark App. No. 07CA61, 2008-Ohio-2084, ¶7.

{¶ 17} "Crim.R. 32.3(C), captioned 'Confinement in petty offense cases,'

further provides: 'If confinement after conviction was precluded by Crim.R. 44(B) , revocation of probation shall not result in confinement. If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R. 44(B).'

{¶ 18} "We conduct an independent review to determine whether a defendant voluntarily, knowingly, and intelligently waived her right to counsel based on the totality of the circumstances. *State v. Gatewood*, Clark App. No. 2008 CA 64, 2009-Ohio-5610, ¶33."

{¶ 19} It is undisputed that Black was not represented by counsel at the revocation hearing, nor did the trial court make any attempt to advise Black of his right to counsel at that time before it sentenced him to a 180 day jail term. In fact, the only mention made of counsel occurred when the trial court asked Black if he wanted the court to appoint counsel to represent him at his trial on January 10, 2011, for violation of a protection order in Case No. 2010 CRB 1450. We note that Black merely stated that he did not require legal representation for his January 10, 2011, trial because there was no protection order filed against him when he allegedly drove by the victim's residence.

{¶ 20} Since the record does not establish that Black knowingly, intelligently, and voluntarily waived his right to counsel prior to the revocation of his "pretrial probation" and the imposition of the jail sentence and fine in Case No. 2010 CRB 1350, we must reverse. In such a case, the court cannot infer a waiver of counsel. Under Crim.R. 32.3, the trial court was not permitted to impose the 180-day

sentence due to a purported violation of the terms of Black's "pretrial probation." Because Black did not knowingly, intelligently, and voluntarily waive his right to counsel at the revocation hearing, the court could not lawfully impose a jail sentence at that time.   Crim.R. 32.3(C).

{¶ 21} Black's first assignment of error is sustained.

III

{¶ 22} Black's second assignment of error is as follows:

{¶ 23} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT REVOKED APPELLANT FROM THE PRETRIAL DIVERSION PROGRAM, DID NOT PROVIDE A HEARING ON THE MATTER, AND THE VIOLATION WAS NOT SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE."

{¶ 24} In light of our disposition with respect to Black's first assignment of error, his second assignment is rendered moot.

IV

{¶ 25} Black's first assignment of error having been sustained, his sentence is reversed and vacated.   This matter is remanded for a revocation hearing wherein Black should be afforded counsel.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Cathy J. Weithman
Jeremiah J. Denslow
Hon. Susan J. Fornof-Lippencott